KNOLL, J
 
 *
 

 I;Judge Jacques Sanborn, an elected judge of the 34th Judicial District Court for the Parish of St. Bernard, is accused of violating La. Supreme Court Rule XXXIX by failing to timely file his judicial financial disclosure statement for the calendar year 2008. We are called upon to determine the appropriate sanction, if any. As this is the first judicial disciplinary proceeding brought under Rule XXXIX, this case presents several issues of first impression for this Court.
 

 For the reasons set forth below, we find Judge Sanborn violated Rule XXXIX by not timely filing a financial disclosure statement. Judge Sanborn’s first written response was not filed until 24 days after the final deadline set by the Judicial Administrator’s Office (“JAO”). Under Rule XXXIX(4)(F)(7)(a), the penalty for late filing is set at one hundred dollars a day. Judge Sanborn is hereby ordered to pay $2,400 in penalties to the State of Louisiana, Judicial Branch. We do not find his violation was “willful and knowing” under Rule XXXIX(4)(F)(8), and we decline to assess costs.
 

 | .FACTS
 

 On March 26, 2008, this Court issued an Order promulgating Supreme Court Rule XXXIX. For the first time, Louisiana judges and justices of the peace must file yearly detailed financial disclosure statements which become part of the public record. Section 2 of Rule XXXIX, which applies to elected judges, went into effect in 2008. The first set of disclosure statements came due on May 15, 2009.
 

 On March 31, 2009, the JAO sent a letter advising all judges in the state of the upcoming deadline. The letter advised if any judge had obtained an extension to file his or her 2008 federal tax return, the financial disclosure statement could be filed within thirty days after filing the return.
 

 Judge Sanborn timely notified the JAO of his extension of time to file his federal tax return, which was granted until October 15, 2009. Accordingly, his 2008 financial disclosure statement was due by no later than November 15, 2009.
 

 On October 27, 2009, Kerry Lentini, a JAO staff attorney, sent an e-mail to Judge Sanborn reminding him of the approaching deadline. Although Judge San-born did not respond to the email, he testified that he called Ms. Lentini regarding another extension of the time to file. However, he could not remember when he made the call, and there is no written record of any communication between his office and the JAO. Ms. Lentini testified she did not speak to Judge Sanborn or anyone at his office.
 

 On November 23, 2009, Ms. Lentini sent Judge Sanborn a second e-mail informing him the 2008 Statement was past due and should be “filed with our office immediately.” Again, Judge Sanborn did not respond.
 

 On December 9, 2009, the JAO sent Judge Sanborn a notice of delinquency by certified mail. The notice required him to file either the 2008 financial disclosure
 
 *1281
 
 statement or a written answer contesting your failure to file” by no later than January 5, 2010. The notice of delinquency warned that failure to respond by the deadline |a“shall result in the imposition of penalties as provided in Subsection F of Rule XXXIX.”
 

 Judge Sanborn did not meet the January 5, 2010 deadline. Instead, on January 27, 2010, he sent a letter stating he had not yet filed his 2008 federal tax return, but expected to do so “very soon,” and would file the disclosure statement simultaneously with his tax return. By this time Judge Sanborn’s tax return was long overdue, as he had never requested an additional extension past the October 15, 2009 deadline. He testified he relied on the advice of his accountant, who informed him that, because he was owed a refund, the IRS would not mind if he filed his return late.
 

 Judge Sanborn finally completed his 2008 financial disclosure statement on February 11, 2010, and the statement was received by the JAO on February 17, 2010.
 

 Procedural History
 

 The JAO referred Judge Sanborn’s matter to the Judiciary Commission, which ordered the matter set for a hearing before Judge Jules D. Edwards, III, acting as hearing officer.
 

 Judge Edwards issued findings of fact and conclusions of law finding Judge San-born had not timely filed his financial disclosure statement, and his violation was both willful and knowing.
 

 The matter was referred to this Court, and a hearing was held on October 20, 2010. Somewhat incredibly, Judge San-born filed an untimely opposition brief on October 18, 2010, only two days before oral argument. In the interests of equity, we will consider the arguments raised in this tardy brief. Given the gravamen of the allegations against him, it is extremely troubling that Judge Sanborn is yet again unable, or unwilling, to meet a court-ordered filing deadline,
 

 Discussion
 

 _liA-
 
 Burden of Persuasion
 

 As an initial matter, the parties disagree as to the appropriate burden of persuasion. Respondent argues any violation must be proven by clear and convincing evidence. The Judiciary Commission claims it is “unclear” whether the clear and convincing standard applies to alleged violations of Rule XXXIX, or whether the proper standard is preponderance of the evidence. Neither party cites to any legal authority supporting its argument.
 

 We have often held claims of judicial misconduct must be proven by clear and convincing evidence.
 
 See, e.g. In re Morvant,
 
 09-747 (La.6/26/09), 15 So.3d 74, 79, citing
 
 In re Hughes,
 
 03-3408 (La.4/22/04), 874 So.2d 746, 760. However, none of the relevant jurisprudence involves cases arising out of Rule XXXIX, and Rule XXXIX itself is silent on the appropriate burden of persuasion. We find this is not the proper case to resolve this issue, as the relevant facts surrounding this matter are largely undisputed. Under either standard, the evidence establishes Judge Sanborn did not timely file his financial disclosure statement.
 

 B.
 
 Violation of Rule XXXIX
 

 Supreme Court Rule XXXIX(2)(B) states a judge may file the financial disclosure statement “within thirty days after the individual files his or her federal tax return for the year on which he or she is reporting, taking into account any extensions filed by the individual, provided that the individual notifies the Office of the Judicial Administrator ... prior to the deadline provided in Subsection (A) of this Section.” It is undisputed that Judge San-
 
 *1282
 
 born received a six-month extension of time to file his federal income tax return and timely notified the JAO of this extension. His financial disclosure statement was therefore due on November 15, 2009.
 

 Judge Sanborn was adequately notified of this deadline. Members of the _[fijudiciary have a duty to keep informed of this Court’s Rules and the deadlines for filing included therein. Moreover, the JAO sent two emails warning of upcoming deadlines, both of which he ignored. He also received, via certified mail, a “notice of delinquency” as required by Rule XXXIX(4)(A), which required a response by no later than January 5, 2010. Judge Sanborn did not respond until January 27, 2010, and the JAO did not receive the letter until January 29, 2010. There is simply no excuse for this continual tardiness.
 

 Judge Sanborn relies on the portion of Rule XXXIX stating the disclosure statement is due “within thirty days after the individual files his or her federal tax return ... taking into account any extensions.” Judge Sanborn points out that, at the time the JAO sent his “notice of delinquency” in December 2009, he had still not filed his federal tax return for 2008. Judge Sanborn’s federal tax return was due on October 15, 2009. He claims his accountant advised him it was unnecessary to file on time, as he was due a refund. Respondent points to no provision of the U.S. Tax Code permitting a taxpayer to file an untimely income tax return provided he is due a refund.
 
 [1]
 
 Judge Sanborn effectively argues his violation of federal law also permits him to violate this Court’s Rules. We do not agree.
 

 We also note the JAO generously offered Judge Sanborn several additional chances to comply even after the original deadline had expired. He consistently failed to respond to these communications. Moreover, he points to no mitigating factors, such as a serious illness or other circumstance which rendered him unable to timely file his statement. In short, this is a clear cut and unjustified violation of Rule | fiXXXIX, and the imposition of sanctions is appropriate.
 

 C.
 
 Whether The Violation Was Willful and Knowing
 

 Having found Judge Sanborn in violation of Rule XXXIX, we must decide whether his violation was “willful and knowing” under Rule XXXIX(4)(F)(8). This subsection states:
 

 In the event the Court determines that a person has willfully and knowingly failed to file a statement, willfully and knowingly failed to timely file a statement, willfully and knowingly omitted information from a statement, or willfully and knowingly provided inaccurate information in a statement, the Court shall forward its findings to the district attorney in the parish which is the domicile of the person who filed the report for appropriate action.
 

 Although Judge Sanborn’s conduct is undeniably negligent and frankly inexcusable for an elected judge of this State, we nevertheless decline to find he willfully and knowingly violated Rule XXXIX. We are aware this is a newly adopted Rule and there is little guidance regarding its implementation. There is no evidence Judge Sanborn acted in bad faith, or purposefully chose not to file his disclosure statement in
 
 *1283
 
 order to obtain some personal or professional gain. This is a case of mere neglect, not willful and knowing disobedience of the rule. We have recognized some leniency is appropriate where the judge’s “violation of the judicial rules was undeniably unknowing and not the product of any dishonest motive.”
 
 In re Morvant,
 
 2009-747 (La.6/26/09), 15 So.3d 74, 80.
 

 We hasten to add that our holding does not excuse Judge Sanborn’s actions. It is the judge’s responsibility to timely file those disclosures required by law and to promptly respond to communications from the JAO. Judge Sanborn is a veteran member of the judiciary, and as such is held to a high standard. He is often called upon to enforce filing deadlines on the litigants before his court, and must likewise show respect for the deadlines this Court has imposed on all judges of this State, | ywithout exception.
 

 D.
 
 Penalties and Costs
 

 Finally, we must decide the appropriate penalty. Rule XXXIX(4)(F)(7)(a) provides if “the Court determines that a violation has occurred, the Court shall assess civil penalties in the following amounts: (a) One hundred dollars per day for statements required by Section 2 of this Rule.” The Judiciary Commission urges us to calculate this fine beginning with the January 5, 2010 deadline set forth in the JAO “notice of delinquency.” Because the JAO did not receive Judge San-born’s response until 24 days after January 5, 2010, the appropriate penalty would be $2,400. Respondent does not dispute this calculation, and we therefore impose sanctions of $2,400.
 

 The Judiciary Commission also requests an award of costs in the amount of $828.00. Rule XXXIX does not provide for a cost award in proceedings brought under that Rule. The Judiciary Commission cites Supreme Court Rule XXIII, § 22, which permits recovery of costs in other types of judicial discipline proceedings:
 

 In cases where the commission recommends the discipline of a judge, the commission shall review counsel’s cost statement and shall recommend to the court that all or any portion of the costs incurred by the office of special counsel, as well as costs the commission has incurred, be taxed against the judge. The commission’s recommendation shall be included in the record filed in this court in the form of an itemized cost statement. The court, in its discretion, may tax all or any portion of the costs recommended by the commission.
 

 However, no provision of Rule XXXIX adopts the section of Rule XXIII cited by the Judiciary Commission. It is the “well-settled jurisprudence of this State that the only costs taxable against a litigant are those provided for by positive law.”
 
 Succession of Franz,
 
 242 La. 875, 139 So.2d 216, 218 (1962);
 
 State ex rel, Dept. Of Highways v. Salemi,
 
 249 La. 1078, 193 So.2d 252, 254 (1966). As Rule XXXIX does not provide for an 1 ^assessment of costs, we decline to award them.
 

 CONCLUSION
 

 Accordingly, it is ordered that Judge Jacques A. Sanborn, of the 34th Judicial District Court for the Parish of St. Bernard, is found in violation of La. Supreme Court Rule XXXIX for failure to file his financial disclosure statement for the calendar year 2008. He is ordered to pay civil penalties in the amount of $2,400 no later than thirty days from finality of this judgment to the State of Louisiana, Judicial Branch.
 

 *
 

 Retired Judge Philip C. Ciaccio, assigned as Justice
 
 ad hoc,
 
 sitting for Chief Justice Catherine D. Kimball.
 

 [1]
 

 . 26 U.S.C. § 6081 allows taxpayers to request "a reasonable extension of time for filing any return.... Except in the case of taxpayers who are abroad,
 
 no such extension shall be for more than 6 months."
 
 (Emphasis added). This statute suggests Judge Sanborn would not have been eligible for an additional extension of time to file past October 15, 2009, even if he had applied for one.