VICTORY, J.
 

 |! This matter arises from a recommendation of the Judiciary Commission of Louisiana (the “Commission”) regarding Justice of the Peace Tina Revette La-Grange’s failure to comply with the financial disclosure requirements of Louisiana Supreme Court Rule XXXIX. The Commission found that Justice of the Peace LaGrange failed to file her 2009 personal financial disclosure statement timely, thereby subjecting her to a monetary penalty. The Commission originally deemed Justice of the Peace LaGrange to have acted willfully and knowingly in failing to comply with the financial disclosure rule and recommended that she be ordered to pay a penalty of $9,250.00 and to reimburse the Commission for costs in the amount of $150.50. However, on August 23, 2011, following this Court’s opinions in
 
 In re Hoffman,
 
 11-0417 (La.7/1/11), 66 So.3d 455,
 
 In re Flaherty,
 
 11-0418 (La.7/1/11), 66 So.3d 461, and
 
 In re Thomas,
 
 11-0572 (La.7/1/11), 66 So.3d 466, the Commission filed an amended recommendation, finding that Justice of the Peace LaGrange acted negligently, but not willfully, and recommending penalties be limited to $200.00, with no request for reimbursement of costs. For the reasons set forth below, we find that Justice of the Peace LaGrange failed to comply with the financial disclosure rule, thereby subjecting her to a civil monetary penalty. We further find the record evidence supports a finding that her late filing was willful and knowing. |2After considering the facts, circumstances, and applicable law, Justice of the Peace LaGrange is ordered to pay a civil penalty in the amount of $500.00.
 

 
 *663
 
 FACTS AND PROCEDURAL HISTORY
 

 This Court recently promulgated Supreme Court Rule XXXIX, which requires for the first time the filing of annual personal financial disclosure statements by judges and justices of the peace.
 
 See In re Sanborn,
 
 10-2051 (La.11/30/10), 50 So.3d 1279. This rule became effective as to justices of the peace on January 1, 2010. Pursuant to Section 3 of the rule, all elected justices of the peace must file a financial statement by May fifteenth of each year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, § 3(A) and (B). If a justice of the peace fails to timely file a financial disclosure statement as required by the rule, or omits any information required to be included in the statement, or the JAO has reason to believe the information included in the statement is inaccurate, the JAO must notify the justice of the peace of such failure, omission, or inaccuracy by certified mail. Rule XXXIX, § 4(A). The notice of delinquency shall inform the justice of the peace that the financial statement must be filed, or that the information must be disclosed or accurately disclosed, or that a written answer contesting the allegation of such a failure, omission, or inaccuracy must be filed within fourteen days. Rule XXXIX, § 4(A)(2). If the justice of the peace files the statement, provides the omitted information, or corrects the inaccurate information within the deadline, no penalties shall be assessed. Rule XXXIX, § 4(B).
 

 However, if the justice of the peace fails to file the statement, fails to provide the omitted information, fails to correct the inaccurate information, or fails to file a written answer prior to the fourteen-day deadline, the matter shall be referred to the Commission. Rule XXXIX, § 4(C)(1). In turn, if the Commission determines that lathe justice of the peace may have failed to file the statement or failed to disclose or accurately disclose the required information, the matter shall be the subject of a hearing before a hearing officer. Rule XXXIX, § 4(F).
 

 A hearing before a hearing officer is limited to three issues: whether the justice of the peace failed to file a financial statement; whether the justice of the peace failed to disclose or accurately disclose the required information; and whether the failure was willful and knowing. Rule XXXIX, § 4(F)(3). The hearing officer submits a report to the Commission containing proposed findings of fact and conclusions of law, which report is then considered by the Commission. Rule XXXIX, § 4(F)(4). If the Commission determines the justice of the peace has failed to file a statement, or failed to disclose or accurately disclose the required information, the Commission shall file the record and recommendation with this Court. Rule XXXIX, § 4(F)(6). In that event, the Commission shall recommend the imposition of civil penalties against the justice of the peace, and shall also make a recommendation as to whether the violation was willful and knowing.
 
 Id.
 

 Once the recommendation is filed in this Court, Rule XXXIX, § 4(F)(7) provides that the case shall be docketed “summarily” for oral argument, and the Court’s judgment “shall be rendered promptly following argument.” If the Court determines no violation has occurred, no penalty shall be assessed. Rule XXXIX, § 4(F)(7). If the Court determines that a violation has occurred, civil penalties of up to fifty dollars per day shall be assessed against the justice of the peace. Rule XXXIX, § 4(F)(7)(b).
 

 Three similar cases involving justices of the peace were decided on July 11, 2011.
 
 See Hoffman, Flaherty, Thomas, supra.
 
 
 *664
 
 Today, three more cases involving violations of Rule XXXIX by justices of the peace have been decided.
 
 See In re Cook,
 
 11-0715 (La.10/25/11), 74 So.3d 667;
 
 In re Myers,
 
 11-0874 (La.10/25/11), 74 So.3d 672;
 
 In re Threet,
 
 11-0875 (La.10/25/11), 74 So.3d 679.
 

 Justice of the Peace LaGrange (hereinafter “respondent”), who is not an attorney, was elected justice of the peace for St. Landry Parish, District 6, during the 2009 calendar year. In 2009 and 2010, the JAO made presentations at the Attorney General’s training conference for justices of the peace regarding the May 15, 2010 deadline for filing the personal financial disclosure statement for 2009 (hereinafter the “2009 Statement”). It is unclear from the record whether respondent was in attendance at either of these sessions, but all justices of the peace are required to attend the conference every other year. Respondent did not file her 2009 Statement by May 15, 2010. A JAO staff attorney contacted respondent by telephone to inquire about her non-compliance, and on June 4, 2010 sent respondent another blank disclosure form. Respondent still did not file her 2009 Statement. Accordingly, on June 16, 2010, the JAO sent respondent a notice of delinquency advising her that the 2009 Statement “must be filed no later than July 8, 2010.” The notice also stated that failure to file the 2009 Statement by the deadline “shall result in the imposition of penalties as provided in Section 4 of Rule XXXIX.” Respondent personally signed for the certified mail containing the delinquency notice, but she still did not submit the 2009 Statement by the deadline. On July 23, 1010, the JAO referred the matter to the Commission. Respondent eventually filed the 2009 Statement on January 11, 2011, after the Commission filed a Formal Charge against her and the day before the matter was set to be heard by a hearing officer.
 

 The order of the Commission setting the January 12, 2011 hearing before the hearing officer was personally served on respondent on November 22, 2010. A hearing subpoena issued to respondent was never served upon her. The envelope | .^containing the subpoena was returned to the Office of Special Counsel bearing an inscription that the envelope was never claimed. A second attempt to serve her with the hearing subpoena was then made through the St. Landry Parish Sheriffs Office, however the sheriffs office could not locate her. The return form stated she was unable to be served because she was in rehab in Marksville, Louisiana, for three months according to her family.
 

 On January 11, 2011, the JAO’s office received a voice mail message from respondent stating that she was not going to be attending the hearing the following day because she was a patient at the Hope Center, which is a substance abuse treatment center in Marksville. She faxed her 2009 Statement to the JAO’s office from the Hope Center on January 11, 2011.
 

 The hearing proceeded on January 12, 2011 before the hearing officer in the absence of respondent. Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission, finding that respondent failed to timely file a 2009 Statement and that she acted willfully and knowingly. The Commissioners invited respondent to appear before them on February 18, 2011 to make a statement in response to the hearing officer’s report, but she did not attend.
 

 The Commission filed its recommendation on April 11, 2011, adopting all of the hearing officer’s proposed findings of fact and law. The Commission reasoned there were at least fourteen attempts made to contact respondent regarding this matter, with her receipt of the contact verified for
 
 *665
 
 at least three of the fourteen attempts. Although no direct evidence was presented to show that respondent purposefully chose not to file her 2009 Statement, the Commission concluded that her failure to respond to the numerous attempts to contact her regarding this delinquency was tantamount to a purposeful choice not to file the 2009 Statement and evidence that |fishe acted in bad faith. Based on these findings, the Commission determined that the burden of proof was satisfied.
 
 [1]
 
 As a total of 185 days passed from July 9, 2010 (the deadline set forth in the delinquency notice) to January 11, 2011 (the date respondent submitted her 2009 Statement by facsimile), the Commission recommended that respondent be ordered to pay $9,250.00 in penalties citing the former version of Rule XXXIX, § 4(F)(7), which has since been amended to provide for a penalty of up to $50 per day.
 
 [2]
 
 The Commission further recommended that respondent be ordered to reimburse the Commission $150.00 in costs.
 

 On August 23, 2011, following this Court’s opinions in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas, supra,
 
 the Commission filed an amended recommendation in this matter, significantly changing some of its factual findings and recommendation. In particular, the Commission changed its finding that respondent acted willfully and instead found she acted negligently. The Commission also recommended that the civil penalties be limited to $200.00, and the Commission withdrew its request for reimbursement of costs.
 

 DISCUSSION
 

 Having resolved several cases involving violations of Rule XXXIX, we have yet to determine the appropriate burden of proof in these type cases.
 
 See Sanborn, supra; Hoffman, supra.
 
 Rule XXXIX is silent on the issue. However, in cases involving judicial discipline, we have consistently determined that the clear and convincing standard is the appropriate standard.
 
 In re Morvant,
 
 09-747 (La.16/26/09), 15 So.3d 74, 79;
 
 In re Hughes,
 
 03-3408 (La.4/22/04), 874 So.2d 746, 760;
 
 In re Bowers,
 
 98-1735 (La.12/1/98), 721 So.2d 875;
 
 In re Johnson,
 
 96-1866 (La.11/25/96), 683 So.2d 1196;
 
 In re Huckaby,
 
 95-0041 (La.5/22/95), 656 So.2d 292. We have also applied the clear and convincing burden of proof to judicial discipline cases involving justices of the peace.
 
 In re Freeman,
 
 08-1820 (La.12/2/08), 995 So.2d 1197;
 
 In re Franklin,
 
 07-1425 (La.11/27/07), 969 So.2d 591. In
 
 Sanborn,
 
 the first judicial disciplinary proceeding brought under Rule XXXIX, we declined to resolve the burden of proof issue as the facts were undisputed and presented a violation of Rule XXXIX under either standard. Similarly, in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 we declined to establish the burden of proof for violations of Rule XXXIX involving justices of the peace. However, upon review, we have determined that, just as in judicial disciplinary proceedings brought under other rules, the Judiciary Commission must prove violations of Rule XXXIX by clear and convincing evidence. After reviewing the record
 
 *666
 
 in this case, we find the evidence establishes by clear and convincing evidence that respondent did not timely her financial disclosure statement. It is undisputed that the 2009 Statement was due July 9, 2010, but was not filed until November 18, 2010.
 

 Having found respondent in violation of Rule XXXIX, we next decide whether her violation was “willful and knowing” under Rule XXXIX, § 4(F)(8). In the first cases before us involving violations of Rule XXXIX, we classified actions as “willful and knowing” as those which involve bad faith or a purposeful choice not to file the disclosure statement in order to obtain some personal or professional gain.
 
 Hoffman, supra
 
 at 460;
 
 Sanborn, supra
 
 at 1282-83. In addition, we refused to find a “willful and knowing” violation where the failure to timely file was “a case of mere neglect, not willful and knowing disobedience of the rule.”
 
 Sanborn, supra
 
 at 1282-83. Further, “we recognized some leniency is appropriate where the judge’s ‘violation of the judicial rules was undeniably unknowing and not the product of any dishonest motive.’ ”
 
 Id.
 
 (citing
 
 Morvant, supra
 
 at 80). Under those standards, we have yet to find a willful and knowing violation of Rule XXXIX. However, as we warned in
 
 Hoffman, FlaheHy,
 
 and
 
 Thomas,
 
 “such leniency or benefit of the doubt will not be extended now that the financial disclosure rule has been in effect for more than one year.”
 

 In this case, we find respondent’s failure to timely file her 2009 Statement to be willful and knowing. The JAO attempted to contact respondent at least fourteen times, yet, aside from one telephone conversation on May 26, 2010, she did not respond or communicate with the JAO until the day before the hearing was scheduled. She even personally signed for the certified mail containing the delinquency notice in June of 2010, but did not return her completed 2009 Statement until January 11, 2011, the day before the hearing. This is more than mere negligence, but was willful and knowing disobedience of the disclosure rule. Respondent’s conduct evidences a “purposeful choice” not to file the disclosure statement. While there was no evidence presented that she failed to timely file the statement in order to obtain some monetary gain, that is not required under our holding in
 
 Sanborn.
 
 “Personal or professional gain” is to be interpreted broadly, and the “gain” can be anything from a desire not to disclosure one’s personal assets to the public, to a desire not to take the time, trouble and effort to complete the form with knowledge that it is required to be filed by a certain date. While respondent may have been in some type of rehabilitation for part of this delay period, she presented no evidence to the hearing officer, the Commission, or this Court that she was being treated for any specific problem and whether that problem affected her ability to timely file the statement. |9Without such evidence, there is nothing in the record to mitigate her behavior. Accordingly, we find that respondent committed a willful and knowing violation of Rule XXXIX.
 

 We next decide the appropriate penalty for respondent’s failure to timely file her financial disclosure statement under Rule XXXIX. In response to our recent penalty assessments in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 the Judiciary Commission filed an amended recommendation, seeking a civil penalty of $200.00 and withdrawing its request for costs. We must point out that each violation of Rule XXXIX is decided on a case by case basis and our $200.00 penalty assessments in those prior cases should not be construed as absolutes for violations of Rule XXXIX. However, the Judiciary Commission was
 
 *667
 
 correct in withdrawing its request for costs as we have declined to award costs for violations of Rule XXXIX because that rule does not provide for assessment of costs and “the only costs taxable against a litigant are those provided by the positive law.”
 
 Sanborn, supra
 
 at 1283. After reviewing the facts and circumstances in this case, we find that a civil penalty of $500.00 is appropriate.
 

 CONCLUSION
 

 We find the record establishes by clear and convincing evidence that Justice of the Peace LaGrange failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting her to a civil monetary penalty. We further find that her failure to comply with the financial disclosure rule was willful and knowing. Accordingly, it is ordered that Justice of the Peace LaGrange pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $500.00, no later than thirty days from the finality of this judgment.
 

 [1]
 

 . Rule XXXIX does not specify a burden of proof. The Commission found that in this case, the Office of Special Counsel met its burden of proof by clear and convincing evidence.
 

 [2]
 

 . Originally, Rule XXXIX provided a mandatory civil penalty of $50 per day of delay for justices of the peace and $100 per day of delay forjudges, with no discretion to assess a lesser amount. However, effective May 18, 2011, the Court amended Rule XXXDÍ, § 4(F)(7) to provide that the amount of the penalty may be decided in the Court’s discretion, up to $50 per day for justices of the peace and up to $100 per day for judges.