VICTORY, J.
 

 11 This matter arises from a recommendation of the Judiciary Commission of Louisiana (the “Commission”) regarding Justice of the Peace Thomas Threet’s failure to comply with the financial disclosure requirements of Louisiana Supreme Court Rule XXXIX. The Commission found that Justice of the Peace Threet failed to file his 2009 personal financial disclosure statement timely, thereby subjecting him to a monetary penalty. The Commission determined Justice of the Peace Threet acted willfully and knowingly in failing to comply with the financial disclosure rule and recommended that he be ordered to pay a penalty of $9,300.00 and to reimburse the Commission for costs in the amount of $280.00. However, on August 23, 2011, following this Court’s opinions in
 
 In re Hoffman,
 
 11-0417 (La.7/1/11), 66 So.3d 455,
 
 In re Flaherty,
 
 11-0418 (La.7/1/11), 66 So.3d 461, and
 
 In re Thomas,
 
 11-0572 (La.7/1/11), 66 So.3d 466, the Commission filed an amended recommendation, recommending penalties be limited to $200.00, with no request for reimbursement of costs. For the reasons set forth below, we find that Justice of the Peace Threet failed to comply with the financial disclosure rule, thereby subjecting him to a civil monetary penalty. We further find the record evidence supports the Commission’s finding that Justice of the Peace Threet acted willfully and knowingly in failing to file the financial disclosure statement. After considering the facts, |2circumstances, and applicable law, Justice of the Peace Threet is ordered to pay a civil penalty in the amount of $300.00. '
 

 FACTS AND PROCEDURAL HISTORY
 

 This Court recently promulgated Supreme Court Rule XXXIX, which requires for the first time the filing of annual personal financial disclosure statements by judges and justices of the peace.
 
 See In re Sanborn,
 
 10-2051 (La.11/30/10), 50 So.3d 1279. This rule became effective as to justices of the peace on January 1, 2010. Pursuant to Section 3 of the rule, all elected justices of the peace must file a financial statement by May fifteenth of each
 
 *681
 
 year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, § 3(A) and (B). If a justice of the peace fails to timely file a financial disclosure statement as required by the rule, or omits any information required to be included in the statement, or the JAO has reason to believe the information included in the statement is inaccurate, the JAO must notify the justice of the peace of such failure, omission, or inaccuracy by certified mail. Rule XXXIX, § 4(A). The notice of delinquency shall inform the justice of the peace that the financial statement must be filed, or that the information must be disclosed or accurately disclosed, or that a written answer contesting the allegation of such a failure, omission, or inaccuracy must be filed within fourteen days. Rule XXXIX, § 4(A)(2). If the justice of the peace files the statement, provides the omitted information, or corrects the inaccurate information within the deadline, no penalties shall be assessed. Rule XXXIX, § 4(B).
 

 However, if the justice of the peace fails to file the statement, fails to provide the omitted information, fails to correct the inaccurate information, or fails to file a written answer prior to the fourteen-day deadline, the matter shall be referred to the Commission. Rule XXXIX, § 4(C)(1). In turn, if the Commission determines that |sthe justice of the peace may have failed to file the statement or failed to disclose or accurately disclose the required information, the matter shall be the subject of a hearing before a hearing officer. Rule XXXIX, § 4(F).
 

 A hearing before a hearing officer is limited to three issues: whether the justice of the peace failed to file a financial statement; whether the justice of the peace failed to disclose or accurately disclose the required information; and whether the failure was willful and knowing. Rule XXXIX, § 4(F)(3). The hearing officer submits a report to the Commission containing proposed findings of fact and conclusions of law, which report is then considered by the Commission. Rule XXXIX, § 4(F)(4). If the Commission determines the justice of the peace has failed to file a statement, or failed to disclose or accurately disclose the required information, the Commission shall file the record and recommendation with this Court. Rule XXXIX, § 4(F)(6). In that event, the Commission shall recommend the imposition of civil penalties against the justice of the peace, and shall also make a recommendation as to whether the violation was willful and knowing.
 
 Id.
 

 Once the recommendation is filed in this Court, Rule XXXIX, § 4(F)(7) provides that the case shall be docketed “summarily” for oral argument, and the Court’s judgment “shall be rendered promptly following argument.” If the Court determines no violation has occurred, no penalty shall be assessed. Rule XXXIX, § 4(F)(7). If the Court determines that a violation has occurred, civil penalties of up to fifty dollars per day shall be assessed against the justice of the peace. Rule XXXIX, § 4(F)(7)(b).
 

 Three similar cases involving a justice of the peace were decided on July 11, 2011.
 
 See Hoffman, Flaherty, Thomas, supra.
 
 Today, three more cases involving violations of Rule XXXIX by justices of the peace have been decided. See
 
 In re LaGrange,
 
 11-0714 (La.10/25/11), 74 So.3d 661;
 
 In re Myers,
 
 11-0874 (La.10/25/11), 74 So.3d 672;
 
 In re Cook,
 
 11-0715 (La.10/25/11), 74 So.3d 667.
 

 Justice of the Peace Threet (hereinafter “respondent”), who is not an attorney, was elected to the office of justice of the peace for Ward 4 of Calcasieu Parish during the 2009 calendar year. In 2010, the JAO made a presentation at the Attorney Gen
 
 *682
 
 eral’s training conference for justices of the peace regarding the May 15, 2010 deadline for filing the personal financial disclosure statement for 2009 (hereinafter the “2009 Statement”). Respondent was in attendance at this session, however, he did not file his 2009 Statement by May 15, 2010. A JAO staff attorney attempted to contact respondent by telephone to inquire about his non-compliance, but was unable to reach him. Accordingly, on June 16, 2010, the JAO sent respondent a notice of delinquency advising him that the 2009 Statement “must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by July 8, 2010.” The notice also stated that failure to file the 2009 Statement by the deadline “shall result in the imposition of penalties as provided in Section 4 of Rule XXXIX.” On June 22, 2010, Respondent’s wife signed for the certified mail containing the delinquency notice, but still he did not submit the 2009 Statement. On July 23, 1010, the JAO referred the matter to the Commission. Respondent eventually filed the 2009 Statement on January 10, 2011, after the Commission had filed a Formal Charge against him.
 

 The hearing proceeded on February 14, 2011 before the hearing officer and respondent appeared and testified. In his comments to the hearing officer, respondent testified that he has been a justice of the peace for almost ten years while working as a policeman for the city of DeQuincy, Louisiana. He acknowledged he received, but did not respond to, the delinquency notice sent to him in 2010, as well as | .^communications from the Office of Special Counsel. He also acknowledged that he did not respond to the Formal Charge. Regarding the tardy filing of the 2009 Statement, respondent stated that he “made a horrible mistake” because he thought he had filed the correct form in November 2010. In fact, however, he had faxed to the JAO a copy of the legislative auditor’s financial statement which justices of the peace are required to file pursuant to La. R.S. 24:513. Respondent assured the hearing officer that he now understood there are two financial disclosure forms and they are required to be filed with different entities. He stated that after he heard from the JAO that he had faxed the incorrect form, he was still delayed in filing the 2009 Statement because he had “some issues with family matters” during the December 2010 holidays.
 
 [1]
 
 While characterizing his family situation as extremely stressful, he acknowledged that it did not excuse his failure to file the 2009 Statement promptly. He concluded by expressing regret for his failure to file the 2009 Statement timely, and stated that his actions were not purposeful “in order to have some professional or personal gain,” and assured the hearing officer that he would make sure he was in compliance with the disclosure rule in the future.
 

 Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission, finding that respondent failed to timely file a 2009 Statement, but that he had not acted willfully and knowingly because he mistakenly believed he had filed the 2009 Statement, when in fact he had only filed the legislative auditor’s financial statement. The Commissioners invited respondent to appear before them on April 15, 2011 to make a statement in response to the hearing officer’s report, but he did not attend.
 

 IfiThe Commission filed its recommendation on April 29, 2011, adopting most of the
 
 *683
 
 hearing officer’s proposed finding of fact and law, except the finding that respondent’s failure to timely file the 2009 Statement was not willful and knowing. The Commission reasoned that respondent’s failure to respond to efforts to contact him regarding the delinquency of his 2009 Statement is tantamount to a purposeful choice not to file the 2009 Statement. Similarly, he waited approximately six weeks to contact the JAO after receiving a voice mail message from them that he had faxed the wrong form to them on November 22, 2010. Under the circumstances, the Commission found no facts to mitigate respondent’s conduct:
 

 ... Justice of the Peace Threet was confused about which form he was supposed to file with the Supreme Court Judicial Administrator’s Office. To the Commission this does not constitute a mitigating factor because subsequently he received several alerts and/or notices about his failure and he chose not to respond or ask any questions. Further, the hearing officer found, and the Commission agrees, that Justice of the Peace Threet probably thought he was solely responsible for filing the legislative auditor financial information form. This could have provided some measure of mitigation except that even after he was told on November 22, 2010 that he was using the wrong form he waited until January 10, 2011 to correct his error and file the right form. The troubles of his in-laws (their alcohol and prescription drug use, as well as their physical altercation in which he became embroiled) and his involvement in their situation do not constitute a legitimate reason for him to ignore his legal duty to file the 2009 Statement ...
 

 Based upon these findings, the Commission determined that the burden of proof was satisfied.
 
 [2]
 
 As a total of 186 days passed from July 9, 2010 (the deadline set forth in the delinquency notice) to January 10, 2011 (the date respondent submitted her 2009 Statement by facsimile), the Commission recommended that respondent be ordered to pay $9,300.00 in penalties citing the former version of Rule XXXIX, |7§ 4(F)(7), which has since been amended to provide for a penalty of up to $50 per day,
 
 [3]
 
 and costs in the amount of $280.00.
 

 On August 23, 2011, following this Court’s opinions in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas, supra,
 
 the Commission filed an amended recommendation in this matter, significantly changing some of its factual findings and recommendation. The Commission changed its finding that respondent acted willfully and knowingly, and instead found he acted negligently. The Commission also recommended that the civil penalties be limited to $200.00, and the Commission withdrew its request for reimbursement of costs.
 

 DISCUSSION
 

 Having resolved several cases involving violations of Rule XXXIX, we have yet to determine the appropriate burden of proof in these type cases.
 
 See Sanborn, supra; Hoffman, supra.
 
 Rule XXXIX is silent on the issue. However, in cases
 
 *684
 
 involving judicial discipline, we have consistently determined that the clear and convincing standard is the appropriate standard.
 
 In re Morvant,
 
 09-747 (La.6/26/09), 15 So.3d 74, 79;
 
 In re Hughes,
 
 03-3408 (La.4/22/04), 874 So.2d 746, 760;
 
 In re Bowers,
 
 98-1735 (La.12/1/98), 721 So.2d 875;
 
 In re Johnson,
 
 96-1866 (La.11/25/96), 683 So.2d 1196;
 
 In re Huckaby,
 
 95-0041 (La.5/22/95), 656 So.2d 292. We have also applied the clear and convincing burden of proof to judicial discipline cases involving justices of the peace.
 
 In re Freeman,
 
 08-1820 (La.12/2/08), 995 So.2d 1197;
 
 In re Franklin,
 
 07-1425 (La.11/27/07), 969 So.2d 591. In
 
 Sanborn,
 
 the first judicial disciplinary proceeding brought under Rule XXXIX, we declined to resolve the burden of proof issue as the facts were undisputed and ^presented a violation of Rule XXXIX under either standard. Similarly, in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 we declined to establish the burden of proof for violations of Rule XXXIX involving justices of the peace. However, upon review, we have determined that, just as in judicial disciplinary proceedings brought under other rules, the Judiciary Commission must prove violations of Rule XXXIX by clear and convincing evidence. After reviewing the record in this case, we find the evidence establishes that respondent did not timely file his financial disclosure statement by clear and convincing evidence. It is undisputed that the 2009 statement was due July 9, 2010, but was not filed until January 10, 2011.
 

 Having found respondent in violation of Rule XXXIX, we next decide whether his violation was “willful and knowing” under Rule XXXIX, § 4(F)(8). In the first cases before us involving violations of Rule XXXIX, we classified actions as “willful and knowing” as those which involve bad faith or a purposeful choice not to file the disclosure statement in order to obtain some personal or professional gain.
 
 Hoffman, supra
 
 at 460;
 
 Sanborn, supra
 
 at 1282-83. In addition, we refused to find a “willful and knowing” violation where the failure to timely file was “a case of mere neglect, not willful and knowing disobedience of the rule.”
 
 Sanborn, supra
 
 at 1282-83. Further, “we recognized some leniency is appropriate where the judge’s ‘violation of the judicial rules was undeniably unknowing and not the product of any dishonest motive.’”
 
 Id.
 
 (citing
 
 Morvant, supra
 
 at 80). Under those standards, we have yet to find a willful and knowing violation of Rule XXXIX. However, as we warned in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 “such leniency or benefit of the doubt will not be extended now that the financial disclosure rule has been in effect for more than one year.”
 

 |flIn this case, we find respondent’s failure to timely file his 2009 Statement to be willful and knowing. While it is true that respondent mistakenly thought he had complied with the rule by filing the legislative auditor’s statement, he was notified on November 22, 2010 that he had filed the wrong form. Still, he waited until January 10, 2011 before filing his 2009 Statement. This is more than mere negligence, but was willful and knowing disobedience of the disclosure rule. Respondent’s conduct evidences a “purposeful choice” not to file the disclosure statement. While there was no evidence presented that he failed to timely file the statement in order to obtain some monetary gain, that is not required under our holding in
 
 Sanborn.
 
 “Personal or professional gain” is to be interpreted broadly, and the “gain” can be anything from a desire not to disclosure one’s personal assets to the public, to a desire not to take the time, trouble and effort to complete the form with knowledge that it is required to be filed by a certain date. While respondent claims that some family
 
 *685
 
 issues over the Christmas holidays caused him to delay filing the proper form, he acknowledged that this did not excuse his failure to timely file. The financial disclosure form required of justices of the peace by Rule XXXIX is quite short and simple, and would have taken a minimal amount of time to complete. While respondent at first was merely negligent for his untimely filing because he was mistaken as to the correct form to file, once it was made clear to him what the rule required, he knowingly disobeyed the rule by waiting six weeks to file the proper disclosure statement. Accordingly, we find that respondent committed a willful and knowing violation of Rule XXXIX.
 

 We next decide the appropriate penalty for respondent’s failure to timely file his financial disclosure statement under Rule XXXIX. In response to our recent penalty assessments in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 the Judiciary Commission | milled an amended recommendation, seeking a civil penalty of $200.00 and withdrawing its request for costs. We must point out that each violation of Rule XXXIX is decided on a case by case basis and our $200.00 penalty assessments in those prior cases should not be construed as absolutes for violations of Rule XXXIX. However, the Judiciary Commission was correct in withdrawing its request for costs as we have declined to award costs for violations of Rule XXXIX because that rule does not provide for assessment of costs and “the only costs taxable against a litigant are those provided by the positive law.”
 
 Sanborn, supra
 
 at 1283. After reviewing the facts and circumstances in this case, we find that a civil penalty of $300.00 is appropriate.
 

 CONCLUSION
 

 We find the record establishes by clear and convincing evidence that Justice of the Peace Threet failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. We further find that his failure to comply with the financial disclosure rule was willful and knowing. Accordingly, it is ordered that Justice of the Peace Threet pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $300.00, no later than thirty days from the finality of this judgment.
 

 [1]
 

 . Asked for an explanation, he testified that some family members were involved in a domestic dispute.
 

 [2]
 

 . Although Rule XXXIX does not specify a burden of proof, the Commission found the Office of Special Counsel had proven the charge by clear and convincing evidence.
 

 [3]
 

 . Originally, Rule XXXIX provided a mandatory civil penalty of $50 per day of delay for justices of the peace and $100 per day of delay forjudges, with no discretion to assess a lesser amount. However, effective May 18, 2011, the Court amended Rule XXXIX, § 4(F)(7) to provide that the amount of the penalty may be decided in the Court's discretion, up to $50 per day for justices of the peace and up to $100 per day for judges.