VICTORY, J.
|! This matter arises from the failure of Raymond Thomas, Jr. (“Mr. Thomas”), a candidate for the office of justice of the peace, to comply with the financial reporting requirements of Louisiana Supreme Court Rule XL. The hearing officer, Judge Patrick M. Schott, retired (“Judge Schott”), found that Mr. Thomas failed to file his 2012 personal financial disclosure statement timely, and that he acted willfully and knowingly in failing to comply with the financial disclosure rule. Judge Schott recommended that Mr. Thomas be ordered to pay a penalty of $500.00 and to reimburse the Judiciary Commission for costs. For the reasons set forth below, we find that Mr. Thomas willfully and knowingly failed to timely file his 2012 personal financial disclosure statement and order that he pay a penalty of $200.00 plus costs of $401.00.
FACTS AND PROCEDURAL HISTORY
Supreme Court Rule XL, § 1(A) requires any person who becomes a candidate for justice of the peace to file a financial disclosure statement as required by Supreme Court Rule XXXIX within ten days of the day the person files his or her notice of candidacy for the office. On August 3, 2012, Lauren McHugh Rocha, general counsel to the Judicial Administrator’s Office (“JAO”), mailed a memorandum to all 12of the clerks of court in the parishes with upcoming elections. Enclosed with the memorandum were several packets that the clerks of court were asked to distribute to all judicial candidates who qualified to run. The packets contained a letter to the candidates notifying them of the requirement that they file a financial disclosure statement within ten days of qualifying, and contained a copy of a blank disclosure form.[1] Mr. Thomas, a non-lawyer, qualified as a candidate for Justice of the Peace, Ward 1, Assumption Parish, on August 15, 2012. At that time, he signed a ledger signifying as follows: “[b]y my sig *870 nature, I acknowledge that upon qualifying as a candidate for judicial office, I was provided a packet that included ... the Supreme Court Personal Financial Disclosure Statement for Justices of the Peace.” Mr. Thomas did not file a financial disclosure statement by August 25, 2012. Accordingly, on September 6, 2012, the JAO sent him a notice of delinquency by certified mail, informing him that within fourteen days, or by September 27, 2012, either the financial disclosure statement or a written answer contesting the allegation of such failure must be filed.[2] The notice of delinquency outlined the consequences |3for failing to file, and provided contact information for the JAO should Mr. Thomas have any questions regarding the matter.[3] Mr. Thomas signed for the certified mail containing the delinquency notice on September 10, 2012, but did not file the financial disclosure statement. On October 5, 2012, the JAO reported to the Judiciary Commission (the “Commission”) that Mr. Thomas filed to file a financial disclosure statement within ten days after qualifying as a candidate and failed to respond to the September 6, 2012, notice of delinquency.[4] On October 15, 2012, the Office of Special Counsel (“OSC”) sent Mr. Thomas a letter of inquiry regarding his failure to file. Mr. Thomas received the letter but did not respond to it. He subsequently lost the election on November 6, 2012, and thereafter, the Commission referred the matter to the JAO for further proceedings in accordance with La. Sup. Ct. Rule XL, § 4(C).[5] On April 19, 2013, *871 Formal Charge HO-2013-1 was filed alleging that Mr. Thomas 1 ¿acted willfully and knowingly in failing to timely file the financial statement. Mr. Thomas was served with the charge on April 24, 2018, but did not file an answer to the charge.
This Court appointed Judge Schott to conduct a hearing pursuant to La. Sup.Ct. Rule XL, § 4(C). At the hearing conducted on August 7, 2018, Mr. Thomas testified that he received the packet when he qualified but that the letter from the JAO regarding the financial disclosure requirement was not in the packet. He further testified that each time he received a letter regarding his need to file a financial disclosure statement, he either called or personally went to the Assumption Parish Clerk of Court’s office and was told each time that he did not need to file the statement because he was not running for a parish-wide office. He testified he did not call the JAO’s office because “I was informed that I didn’t have to file” by personnel from the clerk of court’s office and “[t]hat’s where I was given the packet from, and they should know.” He acknowledged that it would have been very easy for him to fill out the form, especially as he did not receive money from anyone, but that he was told by the clerk of court’s office not to file it so he did not. He testified that he had previously filed a financial disclosure statement when he ran for sheriff (because it was a parish-wide election), and that he was previously sanctioned $3,500.00 for failing to file proper campaign documents in a school board race.
Judge Schott found that Mr. Thomas failed to file the financial disclosure statement and that his failure to file the statement was willful and knowing under La. S.Ct. Rule XL, § 4C and Rule XXXIX § 4(F)(8). Judge Schott found that Mr. Thomas’s testimony regarding the clerk’s office employees directing him not to file the disclosure statement was not credible, noting that he put forth no evidence to support this claim other than his own testimony. Even if true, Judge Schott found that |fiMr. Thomas’s reliance on information from the clerk of court’s office was unreasonable because all of the correspondence plainly identified the JAO as the proper contact. Further, even if Judge Schott were to believe Mr. Thomas’s testimony that the packet given to him did not include Ms. Rocha’s letter, the blank form included in the packet stated that it was to be returned to the JAO and his signature acknowledged receipt of the packet and his obligation to file a financial disclosure statement. In addition, he acknowledged receiving the inquiry letter and his failure to respond to that letter alone distinguished his behavior from “merely negligent” to “willful and knowing.” Lastly, Judge Schott found Mr. Thomas was “no stranger to running for office” which carries with it certain responsibilities that he should have known about. Accordingly, Judge Schott found that Mr. Thomas failed to file the required financial disclosure statement and the failure was willful and knowing; thus, Judge Schott recommended a civil penalty of $500.00 plus costs. Pursuant to La. Sup.Ct. Rule XXXIX, § 4(F)(7), this Court assigned the case for oral argument.
DISCUSSION
La. Sup.Ct. Rule XXXIX requires the filing of annual financial disclosure statements by judges and justices of the peace. This rule became effective as to justices of the peace on January 1, 2010. La. Sup.Ct. Rule XL requires that non-incumbent can *872 didates for judge and justices of the peace also file financial disclosure statements as required by La. Sup.Ct. Rule XXXIX, and this rule became effective as to candidates for justice of the peace on January 1, 2010.
La. Sup.Ct. Rule XL, § 3, provides that “[a]ny person who becomes a candidate for the office of justice of the peace shall file a financial disclosure statement as provided in Louisiana Supreme Court Rule XXXIX, Section 3.” La. Sup.Ct. Rule XL, § 4(A) provides that if a candidate fails to file the statement as ^required or omits any required information, or the JAO has reason to believe the statement is inaccurate, “the matter shall proceed in accordance with ... Rule XXXIX, Section 4.” La. Sup.Ct. Rule XXXIX, § 4 requires that the JAO notify the person of his failure to file “by immediately sending him or her by certified mail a notice of delinquency immediately upon discovery of the failure ...” This was done by the JAO in this case on September 6, 2012. If the person then files the statement, “no penalties shall be assessed against the person.” La. Sup.Ct. Rule XXXIX, § 4(B). However, if the person fails to file the statement by the deadline stated in the notice of the delinquency, the JAO refers the matter to the Commission. This was done in this case on October 5, 2012. Mr. Thomas subsequently lost the election on November 6, 2012, and thereafter, the Commission lost jurisdiction and referred the matter back to the JAO for further proceedings in accordance with Supreme Court La. Sup.Ct. Rule XL, § 4(C).[6] Accordingly, Judge Schott was assigned to conduct the hearing and report to the Court.
La. S.Ct. Rule XXXIX, § 4(F)(3) provides that the hearing is limited to three issues: “(i) whether or not the individual failed to file a financial statement; (ii) whether or not the individual failed to disclose or accurately disclose the required information, and (iii) whether the failure was willful and knowing.” Judge Schott made a recommendation in accordance with Rule XXXIX, § 4F(6) that Mr. Thomas failed to file the statement, that the failure was willful and knowing, and recommended the imposition of civil penalties of $500.00 plus costs.
Violations of Rule XXXIX must be proven by clear and convincing evidence. In re Threet, 11-0875 (La.10/25/11), 74 So.3d 679, 684. It is undisputed that Mr. J/Fhomas failed to file the financial disclosure statement. Therefore, the only remaining issue is whether this failure was “willful and knowing.”
Effective January 23, 2012, the following definition of “willful and knowing” was incorporated into Rule XXXIX, § 4(F)(3):
For purposes of Rule XXXIX, “willful and knowing” means conduct involving bad faith, dishonest motive or a purposeful choice not to file the financial disclosure statement in order to obtain some personal or professional gain (including, but not limited to, a desire not to disclose one’s personal assets to the public, or the desire not to take the time, trouble and effort to complete the form with the knowledge that it is required by a certain date).
This definition represents a change from its original meaning, wherein this Court previously classified actions as “willful and knowing” as those which involve bad faith or a purposeful choice not to file the disclosure statement in order to obtain some personal or professional gain. See In re Hoffman, 11-0417 (La.7/1/11), 66 So.3d *873 455; In re Flaherty, 11-0418 (La.7/1/11), 66 So.3d 461; In re Thomas, 11-0572 (La.7/1/11), 66 So.3d 466; In re Sanborn, 10-2051 (La.11/30/10), 50 So.3d 1279. We previously refused to find a “willful and knowing” violation where the failure to timely file was “a case of mere neglect, and not willful and knowing disobedience of the rule.” Sanborn, supra at 1282-83. Further, “we recognized some leniency is appropriate where the judge’s violation of the judicial rules was undeniably unknowing and not the product of any dishonest motive.” Id. (citing In re Morvant, 09-747 (La.6/26/09), 15 So.3d 74, 80). Under those standards, we never found a willful and knowing violation of Rule XXXIX, but we warned that “such leniency or benefit of the doubt will not be extended now that the financial disclosure rule has been in effect for more than one year.” Hoffman, supra; Flaherty, supra; Thomas, supra. Accordingly, in the subsequent case of In re Threet, 11-0875 (La.10/25/11), 74 So.3d 679, 684, we reasoned that “ ‘personal or professional gain’ is to be | ^interpreted broadly,” and that “the ‘gain’ can be anything from a desire not to disclose one’s personal assets to the public, to a desire not to take the time, trouble and effort to complete the form with knowledge that it is required to be filed by a certain date.” This definition was then incorporated into Rule XXXIX, § 4(F)(3) effective January 23, 2012.
We find the evidence clear and convincing that Mr. Thomas’s failure to file the disclosure statement was willful and knowing because it involved a “purposeful choice not to file the financial disclosure statement in order to obtain some personal or professional gain,” in this ease, “the desire not to take the time, trouble and effort to complete the form with the knowledge that it is required by a certain date.” Assuming Mr. Thomas was told by the clerk of court’s office that he was not required to file a disclosure statement because it was not a parish-wide election, when notified twice more, once in the notice of delinquency and once in the letter of inquiry, that he was in fact required to file the form, he knowingly disobeyed the rule by failing to file. This case is similar to Threet, where the justice of the peace mistakenly filed the wrong form and we held that “while respondent at first was merely negligent for his untimely filing because he was mistaken as to the correct form to file, once it was made clear to him what the rule required, he knowingly disobeyed the rule by waiting six weeks to file the proper disclosure statement.” 74 So.3d at 685.
Having found a violation of the financial reporting rules, La. Sup.Ct. Rule XXXIX, § 4(F)(7) provides that the Court shall assess civil penalties of “up to fifty dollars per day, in the Court’s discretion,” for statements required by justices of the peace or candidates for justice of the peace, and “all or a portion of the costs incurred by the Office of Special Counsel and the Commission, in the Court’s discretion.” As Mr. Thomas has still not filed the disclosure statement, the $500.00 penalty 19recommended by Judge Schott is well within the discretionary range set by the rules and was penalty recommended by the OSC. A $500.00 penalty is commensurate to the penalties imposed in some other first offense Rule XXXIX cases. In re LaGrange, 11-714 (La.10/25/11), 74 So.3d 661 ($500.00 penalty); In re Myers, 11-874 (La.10/25/11), 74 So.3d 672 ($500.00 penalty); In re Landry, 12-1946 (La.12/4/12), 105 So.3d 707 ($500.00 penalty). However, we have also imposed lesser penalties for the same violation. In Threet, supra, we imposed a $300.00 penalty for his first violation of the *874 disclosure rule. 74 So.3d 679,[7] and in four other cases we imposed $200.00 penalties. Hoffman, supra; Flaherty, supra; Thomas, supra; In re Cook, 11-715 (La.10/25/11), 74 So.3d 667. After reviewing the above cases, we find that a $200.00 penalty is warranted in this case.
The evidence shows that OSC incurred costs of $125.00 to perpetuate the testimony of Ms. Rocha, and Judge Schott reported costs incurred in the amount of $276.00 for court reporting services. This Court has discretion whether or not to award costs and in our discretion, we award costs in this case.[8]
CONCLUSION
We find the record establishes by clear and convincing evidence that justice of the peace candidate Raymond Thomas, Jr. failed to comply with the financial disclosure requirement of Louisiana Supreme Court Rule XL and that this failure was willful and knowing, thereby subjecting him to a civil monetary penalty. Accordingly, it is ordered that Mr. Thomas pay a civil penalty to the State of |inLouisiana, Judicial Branch, in the amount of $200.00, plus costs in the amount of $401.00, no later than thirty days from the finality of this judgment.

. The letter stated in full:
Pursuant to Part N, Rule XL of the Rules of the Louisiana Supreme Court, "any person who becomes a candidate for any elective office of judge or justice of the peace shall file a financial disclosure statement as required by Rule XXXIX of the Rules of this Court.” (Rules XXXIX and XL can be found on the Louisiana Supreme Court’s website at www.lasc.org.)
The enclosed financial disclosure statement must be filed with the Office of the Judicial Administrator within ten days of qualifying for judicial office. As set forth in Rule XL, Section 4A and Rule XXXIX, Section 4, a candidate can be subject to serious penalties by not complying with this requirement.
If you have any questions regarding this matter, please contact Ms. Tereze Matta at 504-310-2620. Thank you.

. La. S.Ct. Rule XL, § 4(A) provides ”[i]f a candidate fails to timely file a financial disclosure statement as required by this Rule, ..., the matter shall proceed in accordance with Louisiana Supreme Court Rule XXXIX, Section 4.” La. S.Ct. Rule XXXIX, § 4(A)(1) provides "[i]f a person fails to timely file a financial statement as required by this Rule, ... the Judicial Administrator’s Office shall notify the person of such failure ... by sending him or her by certified mail a notice of delinquency immediately upon discovery of the failure ...” La. S.Ct. Rule XXXIX, § 4(A)(2) provides ”[t]he notice of delinquency shall inform the person that the financial statement must be filed ... or that a written answer contesting the allegation of such failure ... must be filed no later than fourteen business days after receipt of the delinquency” and must "include the deadline for filing the statement [or] filing the answer ...”

. La. S.Ct. Rule XXXIX, § 4(A)(3) provides that the JAO "shall inform the person in the notice of delinquency that failure to file the statement ... or to file an answer contesting the allegation by the deadline shall result in the imposition of penalties as provided in Subsection F of this Section.”

. La. S.Ct. Rule XXXIX, § 4(C)(1) provides "[i]f the person fails to file the statement ... or fails to file a written answer prior to the deadline contained in the notice of delinquency, the Judicial Administrator’s Office shall refer the matter to the Judiciary Commission.”

.The Commission loses jurisdiction when a candidate loses the election or withdraws from the race. La. S.Ct. Rule XL, § 4(C) provides:
In the event any financial disclosure proceeding involving a non-lawyer candidate is pending before the Judicial Administrator and/or the Judiciary Commission as provided for in La. S.Ct. Rule XXXIX, Section 4, and the non-lawyer candidate (1) loses the election that he or she is qualified for; ..., the Judicial Administrator shall so inform the Court. The Court shall then assign a retired judge to conduct a hearing and report to the Court. The proceeding shall continue to be prosecuted as necessary by the Office of Special Counsel. Any hearing that may be required shall be conducted in accordance with La. S.Ct. Rule XXIII, Section 29, and La. S.Ct. Rule XXXIX, Section 4F. However, the assigned, retired judge shall, upon conclusion of the hearing, make a written determination in accordance with La. S.Ct. Rule XXXIX, Section 4F(5), or make a recommendation to the Court in accordance with La. S.Ct. Rule XXXIX, Section 4F(6). In the event the assigned, retired judge files a recommendation with the *871 Court in accordance with Section 4F(6), the Court shall then decide the matter in accordance with La. S.Ct. Rule XXXIX, Section 4F(7).

. See note 5, supra. The reference in Rule XL, § 4(C) to Rule XXXIX, § 4(F)(7) allow the Court to decide this case like other cases involving justices of the peace who fail to comply with their reporting obligations.

. Subsequently, when he violated the rule a second year, we imposed a $2,500.00 penalty, plus costs. In re Threet, 12-1501 (La.12/4/12), 105 So.3d 676.

. In cases decided prior to November 16, 2011, costs were not awarded because there was no provision in Rule XXXIX for the assessment of costs. Rule XXXIX, § 4(F)(7) was amended effective November 16, 2011 to allow the Court, in its discretion, to award all or part of the costs incurred by the OSC and the Commission.