*668
 
 VICTORY, J.
 

 | ¡This matter arises from a recommendation of the Judiciary Commission of Louisiana (the “Commission”) regarding Justice of the Peace David E. Cook’s failure to comply with the financial disclosure requirements of Louisiana Supreme Court Rule XXXIX. The Commission found that Justice of the Peace Cook failed to file his 2009 personal financial disclosure statement, thereby subjecting him to a monetary penalty. The Commission determined Justice of the Peace Cook acted negligently in failing to comply with the financial disclosure rule and recommended that he be ordered to pay a penalty of $6,600.00 and to reimburse the Commission for costs in the amount of $332.50. However, on August 23, 2011, following this Court’s opinions in
 
 In re Hoffman,
 
 11-0417 (La.7/1/11), 66 So.3d 455,
 
 In re Flaherty,
 
 11-0418 (La.7/1/11), 66 So.3d 461, and
 
 In re Thomas,
 
 11-0572 (La.7/1/11), 66 So.3d 466, the Commission filed an amended recommendation, recommending penalties be limited to $200.00, with no request for reimbursement of costs. For the reasons set forth below, we find that Justice of the Peace Cook failed to comply with the financial disclosure rule, thereby subjecting him to a civil monetary penalty. We further find the record evidence supports the Commission’s finding that Justice of the Peace Cook acted negligently, but not willfully and knowingly, in failing to file the financial disclosure statement. After considering the facts, circumstances, and | inapplicable law, Justice of the Peace Cook is ordered to pay a civil penalty in the amount of $200.00.
 

 FACTS AND PROCEDURAL HISTORY
 

 This Court recently promulgated Supreme Court Rule XXXIX, which requires for the first time the filing of annual personal financial disclosure statements by judges and justices of the peace.
 
 See In re Sanborn,
 
 10-2051 (La.11/30/10), 50 So.3d 1279. This rule became effective as to justices of the peace on January 1, 2010. Pursuant to Section 3 of the rule, all elected justices of the peace must file a financial statement by May fifteenth of each year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, § 3(A) and (B). If a justice of the peace fails to timely file a financial disclosure statement as required by the rule, or omits any information required to be included in the statement, or the JAO has reason to believe the information included in the statement is inaccurate, the JAO must notify the justice of the peace of such failure, omission, or inaccuracy by certified mail. Rule XXXIX, § 4(A). The notice of delinquency shall inform the justice of the peace that the financial statement must be filed, or that the information must be disclosed or accurately disclosed, or that a written answer contesting the allegation of such a failure, omission, or inaccuracy must be filed within fourteen days. Rule XXXIX, § 4(A)(2). If the justice of the peace files the statement, provides the omitted information, or corrects the inaccurate information within the deadline, no penalties shall be assessed. Rule XXXIX, § 4(B).
 

 However, if the justice of the peace fails to file the statement, fails to provide the omitted information, fails to correct the inaccurate information, or fails to file a written answer prior to the fourteen-day deadline, the matter shall be referred to the Commission. Rule XXXIX, § 4(C)(1). In turn, if the Commission determines that lathe justice of the peace may have failed to file the statement or failed to disclose or accurately disclose the required information, the matter shall be the subject of a hearing before a hearing officer. Rule XXXIX, § 4(F).
 

 
 *669
 
 A hearing before a hearing officer is limited to three issues: whether the justice of the peace failed to file a financial statement; whether the justice of the peace failed to disclose or accurately disclose the required information; and whether the failure was willful and knowing. Rule XXXIX, § 4(F)(3). The hearing officer submits a report to the Commission containing proposed findings of fact and conclusions of law, which report is then considered by the Commission. Rule XXXIX, § 4(F)(4). If the Commission determines the justice of the peace has failed to file a statement, or failed to disclose or accurately disclose the required information, the Commission shall file the record and recommendation with this Court. Rule XXXIX, § 4(F)(6). In that event, the Commission shall recommend the imposition of civil penalties against the justice of the peace, and shall also make a recommendation as to whether the violation was willful and knowing.
 
 Id.
 

 Once the recommendation is filed in this Court, Rule XXXIX, § 4(F)(7) provides that the case shall be docketed “summarily” for oral argument, and the Court’s judgment “shall be rendered promptly following argument.” If the Court determines no violation has occurred, no penalty shall be assessed. Rule XXXIX, § 4(F)(7). If the Court determines that a violation has occurred, civil penalties of up to fifty dollars per day shall be assessed against the justice of the peace. Rule XXXIX, § 4(F)(7)(b).
 

 Three similar cases involving a justice of the peace were decided on July 11, 2011.
 
 See Hoffman, Flaherty, Thomas, supra.
 
 Today, three more cases involving violations of Rule XXXIX by justices of the peace have been decided.
 
 See In re LaGrange,
 
 11-0714 (La.10/25/11), 74 So.3d 661;
 
 In re Myers,
 
 11-0874 (La.10/25/11), 74 So.3d 672;
 
 In re Threet,
 
 11-0875 (La.10/25/11), 74 So.3d 679.
 

 Justice of the Peace Cook (hereinafter “respondent”), who is not an attorney, assumed the office of justice of the peace for Bienville Parish, Ward 1, on January 1, 2009. In 2009, the JAO made a presentation at the Attorney General’s training conference for justices of the peace regarding the May 15, 2010 deadline for filing the personal financial disclosure statement for 2009 (hereinafter the “2009 Statement”). Respondent was in attendance at this session, however, he did not file his 2009 Statement by May 15, 2010. A JAO staff attorney attempted to contact respondent by telephone to inquire about his non-compliance, but was unable to reach him. Accordingly, on June 16, 2010, the JAO sent respondent a notice of delinquency advising him that the 2009 Statement “must be filed no later than July 8, 2010.” The notice also stated that failure to file the 2009 Statement by the deadline “shall result in the imposition of penalties as provided in Section 4 of Rule XXXIX.” The certified mail containing the delinquency notice was initially returned to the JAO as undeliverable, but the post office provided a forwarding address to which the letter was resent. That envelope was accepted on June 24, 2010 by Ruth Boston, a part-time secretary at the Arcadia, Louisiana funeral home where respondent has been employed for the last twenty-two years, and next door to the trailer where respondent resided. On July 23, 1010, the JAO referred the matter to the Commission. Respondent eventually contacted the JAO on November 18, 2010 and filed the 2009 Statement the same day, but after the Commission had filed a Formal Charge against him.
 

 The hearing proceeded on January 28, 2011 before the hearing officer and respondent appeared and testified. In his com-
 
 *670
 
 raents to the hearing officer, respondent 1-explained he did not submit his 2009 Statement timely because he “didn’t know nothing about it.” Respondent did not deny receiving the delinquency notice sent to him in June 2010, and signed for by the secretary at the funeral home, but he could not recall getting it because in 2010 he was preoccupied with taking care of his mother, who was dying of cancer:
 

 My mother ... has cancer. She was sick. I was ripping and running — see, my mother stayed in El Dorado, Arkansas which is about 65, 70 miles from Arcadia. And I was back and forth, I was relieving my sister at nights so she can go to work, you know, so she wouldn’t miss nothing. And, you know, we did that off and on for a long time. And she died August 28th of last year, 2010 ...
 

 I didn’t ... say I didn’t see it [referring to the notice of delinquency], I mean, she — I didn’t say at that time I didn’t see it. I just said she probably give [sic] it to me. So much was going on ... [M]y concern was my mother.... She probably gave it to me, and I probably just laid it down. My focus of 2010 was really my mother.
 

 Similarly, respondent acknowledged he received, but did not respond to, a letter of inquiry from the Office of Special Counsel and the Formal Charge filed by the Commission. He apologized for his conduct in this regard, and expressed regret that these proceedings were necessary and appreciation to the JAO’s staff for their assistance in completing the 2009 Statement.
 

 Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission, finding that respondent failed to timely file a 2009 Statement but that his actions were negligent. The hearing officer found the actions were the result of several factors, most notably the short amount of time he had been in office and the illness and death of his mother. Once he realized he needed to file the 2009 Statement, he telephoned the JAO immediately and completed and filed the 2009 Statement that same day. The hearing officer found respondent’s apologies for his conduct were genuine expressions of contrition. The Commissioners invited | (¡respondent to appear before them on March 18, 2011 to make a statement in response to the hearing officer’s report, but he did not attend.
 

 The Commission filed its recommendation on April 11, 2011, adopting some of the hearing officer’s proposed finding of fact and law, including the finding that respondent did not act willfully or knowingly in failing to timely file the 2009 Statement. Rather, given the mitigating circumstances, the Commission agreed that his conduct was negligent:
 

 ... [T]his justice of the peace was a brand new judicial officer, approximately two months into his term in 2009, when he attended the first JP training session where financial reporting was discussed. He did not attend training, nor was he required to, in 2010. Through a series of circumstances his location and address changed, which complicated his receipt of phone messages and mail. Ultimately the Delinquency Notice was delivered to his employer, a funeral home. From JP Cook’s testimony it was apparent he eventually received the Delinquency Notice, but at that time he was dealing with a seriously ill parent who passed away in late August 2010. To his credit, he drove 346 miles to his hearing in New Orleans to apologize to those present for his noncompliance with the Reporting Rule.
 

 Based upon these findings, the Commission determined that the burden of proof
 
 *671
 
 was satisfied.
 
 [1]
 
 As a total of 132 days passed from July 9, 2010 (the deadline set forth in the delinquency notice) to November 18, 2010 (the date respondent submitted his 2009 Statement by facsimile), the Commission recommended that respondent be ordered to pay $6,600.00 in penalties citing the former version of Rule XXXIX, § 4(F)(7), which has since been amended to provide for a penalty of up to $50 per day.
 
 [2]
 
 The Commission further recommended that respondent be ordered to reimburse the Commission $332.50 in costs.
 

 |7On August 23, 2011, following this Court’s opinions in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas, supra,
 
 the Commission filed an amended recommendation in this matter, significantly changing some of its factual findings and recommendation. The Commission maintained its finding that respondent acted negligently, but recommended that the civil penalties be limited to $200.00, and the Commission withdrew its request for reimbursement of costs.
 

 DISCUSSION
 

 Having resolved several cases involving "violations of Rule XXXIX, we have yet to determine the appropriate burden of proof in these type cases.
 
 See Sanborn, supra; Hoffman, supra.
 
 Rule XXXIX is silent on the issue. However, in cases involving judicial discipline, we have consistently determined that the clear and convincing standard is the appropriate standard.
 
 In re Morvant,
 
 09-747 (La.6/26/09), 15 So.3d 74, 79;
 
 In re Hughes,
 
 03-3408 (La.4/22/04), 874 So.2d 746, 760;
 
 In re Bowers,
 
 98-1735 (La.12/1/98), 721 So.2d 875;
 
 In re Johnson,
 
 96-1866 (La.11/25/96), 683 So.2d 1196;
 
 In re Huckaby,
 
 95-0041 (La.5/22/95), 656 So.2d 292. We have also applied the clear and convincing burden of proof to judicial discipline cases involving justices of the peace.
 
 In re Freeman,
 
 08-1820 (La.12/2/08), 995 So.2d 1197;
 
 In re Franklin,
 
 07-1425 (La.11/27/07), 969 So.2d 591. In
 
 Sanborn,
 
 the first judicial disciplinary proceeding brought under Rule XXXIX, we declined to resolve the burden of proof issue as the facts were undisputed and presented a violation of Rule XXXIX under either standard. Similarly, in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 we declined to establish the burden of proof for violations of Rule XXXIX involving justices of the peace. However, upon review, we have determined that, just as in judicial disciplinary proceedings brought under other rules, the Judiciary Commission must prove violations of Rule XXXIX by clear and |Rconvincing evidence. After reviewing the record in this case, we find the evidence establishes that respondent did not timely file his financial disclosure statement by clear and convincing evidence. It is undisputed that the 2009 Statement was due July 9, 2010, but was not filed until November 18, 2010.
 

 Having found respondent in violation of Rule XXXIX, we next decide whether his violation was “willful and knowing” under Rule XXXIX, § 4(F)(8). In the first cases before us involving violations of Rule XXXIX, we classified actions as “willful and knowing” as those which involve bad
 
 *672
 
 faith or a purposeful choice not to file the disclosure statement in order to obtain some personal or professional gain.
 
 Hoffman, supra
 
 at 460;
 
 Sanborn, supra
 
 at 1282-83. In addition, we refused to find a “willful and knowing” violation where the failure to timely file was “a case of mere neglect, not willful and knowing disobedience of the rule.”
 
 Sanborn, supra
 
 at 1282-83. Further, “we recognized some leniency is appropriate where the judge’s ‘violation of the judicial rules was undeniably unknowing and not the product of any dishonest motive.’ ”
 
 Id.
 
 (citing
 
 Morvant, supra
 
 at 80). Under those standards, we have yet to find a willful and knowing violation of Rule XXXIX. However, as we warned in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 “such leniency or benefit of the doubt will not be extended now that the financial disclosure rule has been in effect for more than one year.”
 

 In this case, we agree with the hearing office and the Commission that respondent acted negligently in failing to timely file the statement. Respondent initially was unaware of the requirement, but once he contacted the JAO and was informed of it, he filed his disclosure statement that same day. Further, during the period of delay, he was traveling back and forth from Arcadia to El Dorado, Arkansas to care for his terminally ill mother. Given the mitigating factors, his failure to timely [¡file can only be classified as negligent under the standard enunciated in
 
 Sanborn
 
 and
 
 Hoffman.
 
 Accordingly, we do not find that respondent committed a willful and knowing violation of Rule XXXIX.
 

 We next decide the appropriate penalty for respondent’s failure to timely file his financial disclosure statement under Rule XXXIX. In response to our recent penalty assessments in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 the Judiciary Commission filed an amended recommendation, seeking a civil penalty of $200.00 and withdrawing its request for costs. We must point out that each violation of Rule XXXIX is decided on a case by case basis and our $200.00 penalty assessments in those prior cases should not be construed as absolutes for violations of Rule XXXIX. However, the Judiciary Commission was correct in withdrawing its request for costs as we have declined to award costs for violations of Rule XXXIX because that rule does not provide for assessment of costs and “the only costs taxable against a litigant are those provided by the positive law.”
 
 Sanborn, supra
 
 at 1283. After reviewing the facts and circumstances in this case, we find that a civil penalty of $200.00 is appropriate.
 

 CONCLUSION
 

 We find the record establishes by clear and convincing evidence that Justice of the Peace Cook failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. We further find that his failure to comply with the financial disclosure rule did not rise to the level of a willful and knowing violation. Accordingly, it is ordered that Justice of the Peace Cook pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $200.00, no later than thirty days from the finality of this judgment.
 

 [1]
 

 . Although Rule XXXIX does not specify a burden of proof, the Commission found the Office of Special Counsel had proven the charge by clear and convincing evidence.
 

 [2]
 

 . Originally, Rule XXXIX provided a mandatory civil penalty of $50 per day of delay for justices of the peace and $100 per day of delay forjudges, with no discretion to assess a lesser amount. However, effective May 18, 2011, the Court amended Rule XXXIX, § 4(F)(7) to provide that the amount of the penalty may be decided in the Court’s discretion, up to $50 per day for justices of the peace and up to $100 per day for judges.