PER CURIAM.*
_jjln an opinion rendered on October 25, 2011, we held that respondent, Bienville Parish Justice of the Peace David E. Cook, failed to comply with the financial reporting requirements for justices of the peace and imposed a $200 civil penalty against him. In re: Cook, 11-0715 (La.10/25/11), 74 So.3d 667. We ordered that the penalty be paid no later than thirty days from the finality of judgment.
No application for rehearing was filed in this matter. Consequently, our judgment became final on November 8, 2011, and the $200 penalty was due and payable no later than December 8, 2011. Despite repeated efforts by the Judiciary Commission of Louisiana (“Commission”) to communicate with respondent regarding the penalty,[1] he has never paid it.
On May 4, 2012, the Commission filed in this court a pleading captioned “The Judiciary Commission of Louisiana’s Certification of Facts Believed to Constitute Contempt of the Authority of the Louisiana Supreme Court Pursuant to Louisiana Su *334 preme Court Rule XXIII, Section 20.” On May 16, 2012, we issued a “Rule to Show Cause” ordering respondent to “show cause by written brief why he should not be found guilty of contempt for failure to comply with this court’s order to pay a $200 civil penalty, and be punished accordingly. Pursuant to La.Code |aCiv. P. art 225, said brief shall be filed not less than forty-eight hours from the date Justice of the Peace Cook receives this notice.”
The Bienville Parish Sheriffs Office personally served respondent with the rule to show cause on May 21, 2012. No response has been received from respondent.
We hold that Justice of the Peace David E. Cook willfully disobeyed a lawful order of this court by failing to pay a $200 civil penalty to the State of Louisiana, Judicial Branch, no later than thirty days from the finality of our October 25, 2011 judgment, and, thus, hold him in contempt. Accordingly, we fine him $250 and a copy of this opinion will be forwarded to the Judiciary Commission.

 Chief Justice Kimball not participating in the opinion.

. The Commission sent letters to respondent on November 30, 2011; January 17, 2012; and March 21, 2012. These letters were sent by regular and certified mail; respondent s secretary signed for the first letter and respondent personally signed for the last letter. In addition, Assistant Counsel for the Commission spoke to respondent by telephone on January 6, 2012 regarding the delinquent penalty payment.