PER CURIAM.*
hln an opinion rendered on July 1, 2011, we held that respondent, St. Bernard Parish Justice of the Peace Kevin J. Hoffman, failed to comply with the financial reporting requirements for justices of the peace and imposed a $200 civil penalty against him. In re: Hoffman, 11-0417 (La.7/1/11), 66 So.3d 455. We ordered that the penalty be paid no later than thirty days from the finality of judgment.
No application for rehearing was filed in this matter. Consequently, our judgment became final on July 15, 2011, and the $200 penalty was due and payable no later than August 15, 2011. Despite repeated efforts by the Judiciary Commission of Louisiana (“Commission”) to communicate with respondent regarding the penalty,[1] he has never paid it.
On May 4, 2012, the Commission filed in this court a pleading captioned “The Judiciary Commission of Louisiana’s Certification of Facts Believed to Constitute Contempt of the Authority of the Louisiana Supreme Court Pursuant to Louisiana Supreme Court Rule XXIII, Section 20.” On May 10, 2012, we issued a “Rule to Show Cause” ordering respondent to “show cause by written brief why he should not be found guilty of contempt for failure to comply with this court’s order to pay a $200 civil penalty, and be punished accordingly. Pursuant to La.Code |2Civ. P. art 225, said brief shall be filed not less than forty-eight hours from the date Justice of the Peace Hoffman receives this notice.”
The St. Bernard Parish Sheriffs Office personally served respondent with the rule to show cause on May 18, 2012. No response has been received from respondent.
*335 We hold that Justice of the Peace Kevin J. Hoffman willfully disobeyed a lawful order of this court by failing to pay a $200 civil penalty to the State of Louisiana, Judicial Branch, no later than thirty days from the finality of our July 1, 2011 judgment, and, thus, hold him in contempt. Accordingly, we fíne him $250 and a copy of this opinion will be forwarded to the Judiciary Commission.

 Chief Justice Kimball not participating in the opinion.

. The Commission sent letters to respondent on August 4, 2011; August 10, 2011; September 29, 2011; December 14, 2011; and February 7, 2012. The last two letters were sent by certified mail and both were signed for by Kellie Brust. The Commission received no response to any of its letters, and received no contact from respondent at any time regarding payment of the penalty cast against him by the court.