GUIDRY, Justice.
11 This matter arises from a recommendation of the Judiciary Commission of Louisiana (“Commission”) regarding the failure of Justice of the Peace Thomas Threet, Calcasieu Parish, Ward 6, to comply with the financial ’ reporting requirements of Louisiana Supreme Court Rule XXXIX for calendar year 2010. For the reasons set forth below, we find the record establishes by clear and convincing evidence that Justice of the Peace Threet has failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. We further find that his continuing failure to comply with the financial disclosure requirement has been willful and knowing. After considering the facts, circumstances, and applicable law, Justice of the Peace Threet is ordered to pay a civil penalty in the amount of $2,500.00, plus costs of $253.20. In addition, Justice of the Peace Threet is ordered to file his financial disclosure statement for 2010 no later than fifteen days from the finality of this judgment.
FACTS AND PROCEDURAL HISTORY:
Supreme Court Rule XXXIX requires the filing of annual financial disclosure statements by judges and justices of the *677 peace. See In re: Thomas, 11-0572, p. 2 (La.7/1/11), 66 So.3d 466, 467; In re: Sanborn, 10-2051, p. 2 (La.11/30/10), 50 So.3d 1279. Pursuant to Section 3 of the rule, every elected justice of the peace must file his or her financial statement by May 15th of each year, using | ?a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. La. Sup.Ct. Rule XXXIX, §§ 3(A) and (B). We have discussed this rule and its requirements pertaining to justices of the peace in several cases. See, e.g., In re: Hoffman, 11-0417 (La.7/01/11), 66 So.3d 455. The instant case is one of three cases decided this date involving a justice of the peace who has been charged with failing to file timely the personal financial disclosure statement required by Rule XXXIX for calendar year 2010. See In re: 29-337612Myers, 12-1500 (La. 12/04/12); In re: Landry, 12-1946 (La.12/04/12).
The first financial statements required of justices of the peace were due for calendar year 2009, to be filed no later than May 15, 2010. However, Justice of the Peace Threet (hereinafter, “Respondent”) did not file his 2009 financial statement until January 10, 2011, after the Commission filed a Formal Charge against him. On October 25, 2011, this court imposed a $300 civil penalty upon Respondent for his willful and knowing violation of Rule XXXIX. In re: Threet, 11-0875 (La.10/25/11), 74 So.3d 679 (Threet I).[1]
Respondent’s 2010 financial statement was due on May 15, 2011. However, it was not received by that date. Accordingly, on May 27, 2011, the JAO sent Respondent a notice of delinquency by certified mail advising him that the 2010 Statement “must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by June 21, 2011.” The notice of delinquency also stated that failure to file the 2010 Statement by the deadline “shall result in referral to the Judiciary Commission and the imposition of penalties as provided in Section 4 of Rule XXXIX.” On June 1, 2011, Respondent’s wife signed for the certified mail containing the delinquency notice, but still he did not submit the 20101 .¡Statement, On June 30, 2011, the JAO referred the matter to the Commission, based upon Respondent’s failure to timely file the 2010 Statement.
On December 12, 2011, the Commission filed a Formal Charge against Respondent. The Formal Charge was personally served upon Respondent on December 20, 2011. Respondent did not file an answer to the Formal Charge, and he still has not filed his 2010 Statement.
This matter was set for a hearing before a hearing officer on March 12, 2012. Respondent did not appear at the hearing, which proceeded in his absence. Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission. In his report, the hearing officer found that Respondent failed to timely file his 2010 Statement, and that his failure was willful and knowing. The Commissioners then invited, but did not require, Respondent to appear before them on April 20, 2012, to make a statement in response to the hearing officer’s report. Respondent did not attend the April 2012 meeting or file a brief in the matter.
On June 29, 2012, the Commission filed its recommendation in this court. In its report, the Commission adopted the hearing officer’s proposed conclusions of fact and law, and found the allegations of the *678 Formal Charge were proven by clear and convincing evidence. Indeed, the Commission observed that it is “hard to imagine a more egregious example of deliberate disregard for, and willful disobedience of, the Reporting Rule” than that demonstrated here:
... As did the hearing officer, the Commission found it extremely troubling that JP Threet made absolutely no effort to comply with the Reporting Rule for the year 2010 even after appearing before the Commission and the Court in the prior proceeding and testifying under oath that he would comply in a timely manner in the future. He chose to do nothing to bring himself into compliance with the Reporting Rule for the year 2010 after making those statements, even after repeated contacts from the OJA and the Commission and the rendition of this Court’s opinion in the prior case. As of the time of the hearing in this case, he still had not filed his 2010 Statement, h which was by then more than eight months late. He chose not to appear at the hearing and has offered no explanation for the delay.
[[Image here]]
JP Threet has shown a complete lack of respect for the deadlines imposed on him by the Court, even in the face of past leniency by the Court for his first ■willful and knowing violation of the Reporting Rule. Even if he does not consider the reporting requirements to be a matter of any importance, he should nevertheless understand he is obligated to comply with the Court’s rules. The Commission recommends the maximum penalty be imposed upon him in this case to impress upon him the importance of taking his financial disclosure obligations as an elected judicial officer seriously.
For his willful and knowing conduct, the Commission recommended that Respondent be ordered to pay the maximum penalty of $50 per day from June 21, 2011 (the deadline in the delinquency notice) to the date he submits his 2010 Statement or the date the court issues its decision, whichever occurs first. The Commission also recommended that he be cast with $253.20 in costs. See La. Sup.Ct. Rule XXXIX, § 4(F)(7).
DISCUSSION
After our review of the facts and applicable law, we find the record establishes by clear and convincing evidence that Respondent did not timely file his financial disclosure statement. See Threet I, p. 8, 74 So.3d at 684; In re: Sanborn, p. 4, 50 So.3d at 1281. Indeed, Respondent has not filed his 2010 Statement as of the date of this judgment. Consequently, we further find that Respondent’s violation of the reporting rule has been “willful and knowing” under Rule XXXIX, Section 4(F)(8), as both the hearing officer and the Commission concluded. There can be no doubt that Respondent knew or should have known of the need to file his 2010 Statement in a timely manner given his involvement in prior proceedings before this court concerning his failure to file his 2009 Statement timely. Indeed, we found that Respondent’s failure to file his 2009 Statement timely was a “willful and knowing” violation of the rule. Threet I, p. 9, 74 So.3d |s684. As we pointed out in Respondent’s prior case before this court, the financial disclosure form required of justices of the peace by Rule XXXIX is quite short and simple, and would have taken a minimal amount of time to complete. Respondent’s continuing failure to comply with the reporting rule for 2010 certainly demonstrates bad faith; therefore, we conclude his conduct constitutes a willful and knowing violation of Rule XXXIX.
*679 We next decide the appropriate penalty for Respondent’s failure to timely file his financial disclosure statement under Rule XXXIX for 2010. In Threet I, we imposed a civil penalty of $300 for Respondent’s failure to timely file his 2009 Statement. Because this is Respondent’s second violation of the financial disclosure rule, a violation that continues because Respondent has yet to file his 2010 Statement as of thé date of this judgment, we find that a civil penalty of $2,500 is appropriate. We further find Respondent should be cast with costs in the amount of $258.20.
CONCLUSION
We find the record establishes by clear and convincing evidence that Justice of the Peace Threet has failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. We further find that his continuing failure to comply with the financial disclosure requirement has been willful and knowing. Accordingly, it is ordered that Justice of the Peace Threet pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $2,500.00, plus costs in the amount of $253.20, no later than thirty days from the finality of this judgment. In addition, Justice of the Peace Threet is ordered to file his 2010 financial disclosure statement no later than fifteen days from the finality of this judgment. Failure to comply with the orders of this court may result in a finding of contempt. See In re: Hoffman, 11-0417 (La.6/22/12), 92 So.3d 334; In re: Cook, 11-0715 (La.6/22/12), 92 So.3d 333.

. At the hearing in Threet I, Respondent expressed regret for his failure to file his 2009 Statement timely, and assured the hearing officer that he would make sure he was in compliance with the financial disclosure rule in the future.