GUIDRY, Justice.
| TThis matter arises from a recommendation of the Judiciary Commission of Louisiana (“Commission”) regarding the failure of Justice of the Peace Luann Landry, St. Bernard Parish, Ward E, to comply with the financial reporting requirements of Louisiana Supreme Court Rule XXXIX for calendar year 2010. For the reasons set forth below, we find the record establishes by clear and convincing evidence that Justice of the Peace Landry *708 failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting her to a civil monetary penalty. We further find that her failure to comply with the financial disclosure requirement was willful and knowing. After considering the facts, circumstances, and applicable law, Justice of the Peace Landry is ordered to pay a civil penalty in the amount of $500.00, plus costs of $554.00.
FACTS AND PROCEDURAL HISTORY:
Supreme Court Rule XXXIX requires the filing of annual financial disclosure statements by judges and justices of the peace. See In re: Thomas, 11-0572, p. 2 (La.7/1/11), 66 So.3d 466, 467; In re: Sanborn, 10-2051, p. 2 (La.11/30/10), 50 So.3d 1279. Pursuant to Section 3 of the rule, each elected justice of the peace must file his or her financial statement by May 15th of each year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, §§ 3(A) and (B). We have discussed this rule and its requirements pertaining to justices of the peace in a number of cases. See, e.g., In re: Hoffman, |¾11 — 0417 (La.7/01/11), 66 So.3d 455. The instant case is one of three cases decided this date involving a justice of the peace who has been charged with failing to file timely the personal financial disclosure statement required by Rule XXXIX for calendar year 2010. See In re: Myers, 12-1500 (La.12/04/12), 105 So.3d 679; In re: Threet, 12-1501 (La.12/04/12), 105 So.3d 676.
Justice of the Peace Landry’s 2010 financial statement was due on May 15, 2011; however, it is undisputed that it was not received by that date.[1] Accordingly, on May 27, 2011, the JAO sent Justice of the Peace Landry (hereinafter, “Respondent”) a notice of delinquency by certified mail advising her that the 2010 Statement “must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by June 21, 2011.” The notice of delinquency also stated that failure to file the 2010 Statement by the deadline “shall result in referral to the Judiciary Commission and the imposition of penalties as provided in Section 4 of Rule XXXIX.” The certified mail containing the delinquency notice was signed for by Respondent’s husband, and she acknowledges that she received it from him.
On June 30, 2011, the JAO referred the matter to the Commission, based upon Respondent’s failure to file the 2010 Statement timely. Respondent eventually filed the 2010 Statement on February 23, 2012, after the Commission filed a Formal Charge against her. In her answer to the Formal Charge, Respondent indicated that she believed she had mailed her 2010 Statement shortly after the initial due date, having retained for her records a copy of a report dated May 28, 2011. She did not have proof of mailing, however, and the May 28th report was not received by the JAO.[2] Additionally, the May 28th |sreport was not properly completed because it failed to disclose Respondent’s judicial salary or the amount of filing fees she had received in connection with her *709 office. Respondent acknowledged that she made a “huge mistake” by not responding to the delinquency notice or a July 2011 inquiry letter from the Office of Special Counsel, but she maintained that her conduct was merely negligent rather than willful and knowing.
This matter was set for a hearing before a hearing officer on March 28, 2012. During the hearing, Respondent testified she was dealing with personal issues (caring for her father, who was gravely ill), which prevented her from filing her 2010 Statement in a correct format and on time. She apologized for her conduct, stating she knew “this is a big mess and it’s all my fault. And I’m just so sorry about that.”
Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission. In his report, the hearing officer found that Respondent failed to timely file her 2010 Statement, and that her failure was willful and knowing, as that term is defined in Rule XXXIX, because she continued to ignore her obligation to file even after she was put on notice of her non-compliance. The Commissioners then invited, but did not order or require, Respondent to appear before them on May 18, 2012, to make a statement concerning the hearing officer’s report and the penalty issue. Respondent did not attend the May 2012 meeting, but she filed a brief in the matter, again asserting that her non-compliance was not willful and knowing.
|4On September 4, 2012, the Commission filed its recommendation in this court. In its report, the Commission generally adopted the hearing officer’s proposed conclusions of fact and law,[3] and found the allegations of the Formal Charge were proven by clear and convincing evidence. The Commission observed that, although Respondent is apologetic and remorseful for failing to timely file her 2010 Statement, under the circumstances, her actions were nonetheless willful and knowing:
The Commission agrees with the hearing officer’s conclusions that JP Landry, though apologetic and remorseful, committed a willful and knowing violation of the Reporting Rule by not taking the time, trouble, and effort to complete the form with the knowledge that it was to be filed by a certain date, and by making a purposeful choice to ignore the two notices of non-compliance she received rather than contacting the OJA or the OSC to find out what she needed to do to bring herself in compliance with the rule. Although the Commission was sympathetic to the demands placed upon JP Landry by her father’s illness and death, she continued to treat her obligations under the Reporting Rule as a matter of little or no importance even after her father’s death. Notably, she was familiar with the financial disclosure form, having filed her 2009 report in a timely manner.
For her willful and knowing conduct, balanced by the mitigating circumstances,[4] *710 the Commission recommended Respondent be ordered to pay a penalty of $3,705.00, or $15 per day for the 247 days that elapsed between June 21, 2011 (the deadline set forth in the delinquency notice) to February 23, 2012 (the date Respondent submitted her financial disclosure statement). The Commission also recommended that she be cast with $554.00 in costs. See La. Sup.Ct. Rule XXXIX, § 4(F)(7).
J^DISCUSSION
After our review of the facts and applicable law, we find the record establishes by clear and convincing evidence that Respondent did not timely file her financial disclosure statement. See In re: Myers, 11-0874, pp. 7-8 (La.10/25/11), 74 So.3d 672, 677-78; In re: Sanborn, p. 4, 50 So.3d at 1281. We further find that Respondent’s violation of the reporting rule was “willful and knowing” under Rule XXXIX, Section 4(F)(8), as both the hearing officer and the Commission concluded. Respondent knew or should have known of the need to file her 2010 Statement in a timely manner because she had previously filed timely her 2009 Statement. As we have elsewhere pointed out, the financial disclosure form required of justices of the peace by Rule XXXIX is quite short and simple, and would have taken a minimal amount of time to complete. Accordingly, we conclude Respondent’s failure to file her 2010 Statement timely was a willful and knowing violation of Rule XXXIX.
We next decide the appropriate penalty for Respondent’s failure to file timely her financial disclosure statement under Rule XXXIX for 2010. Each violation of Rule XXXIX is decided on a case by case basis; therefore, our penalty assessments in prior cases should not be construed as absolutes for violations of Rule XXXIX. However, because this is Respondent’s first violation of the financial disclosure rule, we find that a civil penalty of $500 is appropriate. We further find that Respondent should be cast with costs in the amount of $554.00. See La. Sup.Ct. Rule XXXIX, § 4(F)(7).
CONCLUSION
We find the record establishes by clear and convincing evidence that Justice of the Peace Landry failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting her to a civil monetary penalty. We further find that her failure to comply with the financial disclosure requirement was willful and | nknowing. Accordingly, it is ordered that Justice of the Peace Landry pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $500.00, plus costs in the amount of $554.00, no later than thirty days from the finality of this judgment.

. The first financial statements required of justices of the peace were due for calendar year 2009, to be filed no later than May 15, 2010. Justice of the Peace Landry timely filed her 2009 Statement.

. The hearing officer rejected as not credible Respondent's belief that she may have filed her 2010 Statement on May 28, 2011, as there is no evidence (such as a cover letter) to indicate she had in fact sent the report at that time. Furthermore, even if Respondent’s belief were reasonable, the May 27, 2011 delinquency notice and a July 22, 2011 inquiry letter from the Office of Special Counsel should have put her on notice that her attempt to file was unsuccessful.

. The Commission adopted all of the hearing officer's findings and conclusions, with the exception of his conclusion that Respondent acted in bad faith by not taking the time, trouble, and effort to file her 2010 Statement in a timely fashion. The Commission disagreed with the "bad faith” portion of this finding.

. The Commission took into consideration the following factors: (1) this is Respondent’s first violation of the financial disclosure rule; (2) she eventually filed her 2010 Statement, albeit only after being formally charged with violating the rule; (3) she participated in the proceedings before the Commission by filing an answer to the Formal Charge and answers to interrogatories, testifying at the hearing, and filing a brief with the Commission; and (4) she sincerely apologized for her conduct and assured the Commission she will take steps to prevent a recurrence of the problem.