# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #013

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **17th day of March, 2015**, are as follows:

**BY CRICHTON, J.:**

2014-O -2335     IN RE: JUSTICE OF THE PEACE LORNE L. LANDRY PLAQUEMINES PARISH, WARD 8 STATE OF LOUISIANA (Judiciary Commission)

    Accordingly, it is ordered that Justice of the Peace Landry pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $500, plus costs in the amount of $301.50, no later than thirty days from the finality of this judgment. In addition, Justice of the Peace Landry is ordered to file his 2011 financial disclosure statement no later than fifteen days from the finality of this judgment. Failure to comply with the orders of this court may result in a finding of contempt.

SUPREME COURT OF LOUISIANA

NO. 2014-O-2335

IN RE: JUSTICE OF THE PEACE LORNE L. LANDRY
PLAQUEMINES PARISH, WARD 8
STATE OF LOUISIANA

JUDICIARY COMMISSION OF LOUISIANA

**CRICHTON, J.**

This matter arises from a recommendation of the Judiciary Commission of Louisiana ("Commission") regarding the failure of Justice of the Peace Lorne L. Landry ("Respondent") to comply with the financial reporting requirements of Supreme Court Rule XXXIX ("Rule XXXIX"). We find the record establishes by clear and convincing evidence that Respondent willfully and knowingly failed to comply with the filing requirement of Rule XXXIX, thereby subjecting him to discipline. After considering the facts, circumstances, and applicable law, Respondent is ordered to pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $500, plus costs in the amount of $301.50, no later than thirty days from the finality of this decision; Respondent is further ordered to file his 2011 financial disclosure statement no later than fifteen days from the finality of this decision. Failure to comply with the orders of this court may result in a finding of contempt.[1]

## FACTS AND PROCEDURAL HISTORY

Rule XXXIX requires the filing of annual financial disclosure statements by judges and justices of the peace.[2][3] Pursuant to § 2 of this rule, all elected justices

---

[1] *See In re Hoffman*, 11-0417 (La. 6/22/12) 92 So. 3d 334; *In re Cook*, 11-0715 (La. 6/22/12), 92 So. 3d 333

[2] Effective February 27, 2014, Supreme Court Rule XXXIX was amended to prospectively eliminate the reporting requirement for justices of the peace. The instant case arose prior to the amendment.

of the peace must file their financial statement by May 15th of each year, using a form prescribed by the Office of the Judicial Administrator, Supreme Court of Louisiana ("JAO") for that purpose.[4] In the instant case, Respondent has been charged with failing to file timely his personal financial disclosure statement for the calendar year 2011 as required by Rule XXXIX.

Respondent was an elected justice of the peace for Plaquemines Parish, Ward 8 during the 2011 calendar year. Respondent's 2011 financial statement was due on May 15, 2012; it is undisputed that the financial statement was not received by that date. Accordingly, on June 11, 2012, the JAO sent Respondent a notice of delinquency by certified mail advising him that the 2011 Statement "must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by July 3, 2012." The notice of delinquency also stated that failure to file the 2011 Statement by the deadline "shall result in referral to the Judiciary Commission and the imposition of penalties as provided in Section 4 of Rule XXXIX."

Because the delinquency notice went unclaimed at the Port Sulphur Post Office, the JAO sent another letter to Respondent's physical address dated July 6, 2012, extending the filing deadline to July 30, 2012. Respondent did not respond to the second delinquency notice, which was also unclaimed, nor did he respond to an inquiry letter sent from the Judiciary Commission's Office of Special Counsel ("OSC") on October 22, 2012, regarding his 2011 Statement. On February 26, 2013, the Commission filed a Formal Charge against Respondent. He was served with the Formal Charge on March 5, 2013, but failed to file an answer thereto; he also failed to answer the OSC's discovery requests.

---

[3] *See In re Thomas*, 11-0572, p. 2 (La. 7/1/2011), 66 So. 3d 466, 467; *In re Sanborn*, 10-2051, p. 2 (La. 11/30/10), 50 So. 3d 1279.

[4] Supreme Court Rule XXXIX § 2.

Thereafter, the matter was set for a hearing before a hearing officer, retired Judge Andrew Gallagher, on May 24, 2013. As of the date of the hearing, Respondent still had not filed his 2011 Statement. During the hearing, Respondent testified that he "overlooked" filing his 2011 Statement because he had "a lot on his mind," and he was dealing with personal issues – specifically, he was caring for his mother and mother-in-law, who both were ill, the cumulative effect of which prevented him from timely filing his 2011 Statement. However, Respondent admitted his mother's illness and his mother-in-law's illness were "no excuse," and that he "should have taken care of [his] job." Respondent also admitted that he did not open the certified mail sent to him by the JAO and the OSC.

Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission. In his report, the hearing officer found that Respondent failed to timely file his 2011 Statement, and that his failure was willful and knowing, as that term is defined in Rule XXXIX, because he made a purposeful choice not to take the time, trouble, or effort to comply with the rule. The Commissioners then invited, but did not order or require, Respondent to appear before them on August 23, 2013, to make a statement concerning the hearing officer's report and the penalty issue. Respondent did not attend the August meeting, nor did he file a brief.

On November 6, 2014, the Commission filed its recommendation in this Court. In its report, the Commission generally adopted the hearing officer's proposed conclusions of fact and law, finding that the allegations of the Formal Charge were proven by clear and convincing evidence. The Commission observed that Respondent was undoubtedly aware of Rule XXXIX and familiar with the financial disclosure form, as demonstrated by the successful filing of his 2009 Statement and attendance at several Justice of the Peace and Constable Conferences, which included sessions on the financial disclosure form explaining

3

how to fill the form out and where to send it. Under these circumstances, the Commission concluded that Respondent made a deliberate choice not to file his 2011 Statement:

> The Commission finds it especially troubling that JP Landry failed to retrieve certified mail and failed to open or read mail that he did receive. Although the Commission is sympathetic to the demands placed upon JP Landry by the illness and death of his mother and then his fiancée's mother, such circumstances do not excuse his failure to comply with his judicial duties. The Commission further finds it troubling that JP Landry, although admitting his error at the May 24, 2013 hearing, still has not filed his 2011 Statement to date.

For his willful and knowing conduct, the Commission recommended that Responded be ordered to pay a civil penalty of $500 and be ordered to file his 2011 Statement within the delay established by the court or face additional proceedings for failing to comply with the court's order. The Commission also recommended that Responded be cast with $301.50 in costs.

## DISCUSSION

We have discussed Rule XXXIX and its requirements pertaining to justices of the peace in several cases.[5] Failure to complete to complete and properly file the financial statements creates the opportunity for negligence or even fraud, and at the very least, noncompliance erodes confidence in public officials.[6] Violations of Rule XXXIX must be proven by clear and convincing evidence.[7] It is undisputed that Respondent failed to file the financial disclosure statement. Therefore, the only remaining issue is whether this failure was "willful and knowing."

The following definition of "willful and knowing" is incorporated into Rule XXXIX, § 3(F)(3):

> For purposes of Rule XXXIX, 'willful and knowing' means conduct involving bad faith, dishonest motive or a purposeful choice not to file the financial disclosure statement in order to obtain some personal or

---

[5] *See, e.g., In re Cook, supra, and cases cited therein*

[6] *In re Myers*, 14-1528, p. 5 (La. 10/15/14)

[7] *In re Threet*, 11-0785 (La. 10/25/11), 74 So. 3d 679, 684.

4

professional gain (including, but not limited to, a desire not to disclose one's personal assets to the public, or the desire not to take the time, trouble and effort to complete the form with the knowledge that it is required by a certain date).

Respondent's conduct satisfies this definition. Despite abundant opportunity to comply with Rule XXXIX, as of the date of oral argument, Respondent had yet to file a single document towards that end. In fact, Respondent admitted he received the mail from the OSC and the JAO but had not bothered to open the letters. Such unyielding indifference as demonstrated by Respondent's conduct is highly troublesome to this Court. Numbers alone illustrate our concern: As of January 29, 2015, Respondent's 2011 Statement was 989 days overdue from the original May 15, 2012 deadline. Were penalties to be imposed from May 15, 2012, to March 10, 2015, at $50 per day[8], the total penalty due would be $51,450.00 – a staggeringly high penalty – considering that completion of the financial disclosure requirement of Rule XXXIX is by all objective measures simple, clear, and undemanding. Respondent's continuing failure to comply with Rule XXXIX and his admittedly cavalier attitude towards the process as a whole negates any reasonable inference of mere negligence; therefore, we conclude his conduct constitutes a willful and knowing violation of Rule XXXIX.

We next decide the appropriate penalty for Respondent's continuing failure to file his 2011 Statement. Violations of Rule XXXIX are decided on a case by case basis. As such, our penalty assessments in prior cases should not be understood as absolutes; rather, they are to be construed as benchmarks helpful to the Court in fairly administering justice. In recommending discipline, the Commission suggested that this Court impose a civil penalty commensurate to the penalties imposed in other first offense Rule XXXIX cases.

---

[8] La. S. Ct. R. XXXIX § 4(F)(7) provided for the imposition of civil penalties up to fifty dollars per day for failure to file by justices of the peace (in effect until February 27, 2014).

A similar factual scenario was presented in *In Re Cook*, 11-0715 (La. 10/25/11), 74 So. 3d 667. In that case, JP Cook failed to file his 2009 Statement because he was caring for his dying mother, and he ignored the delinquency notices sent by the JAO.[9] The Court found JP Cook's failure to file timely was negligent, rather than willful and knowing and assessed a $200.00 civil penalty.[10]

This case is distinguishable from *In re Cook*. JP Cook failed to file his 2009 Personal Financial Disclosure Statement and claimed he was unaware of Rule XXXIX.[11] In this case, Respondent was aware of Rule XXXIX, the possible penalties, and he even filed a prior Statement. Also, once JP Cook realized he needed to file his 2009 Statement, he telephoned the JAO and filed it the same day.[12] Here, Respondent has not filed his 2011 Statement despite numerous notices and a full evidentiary hearing.

In July 2011, this Court in *In re Hoffman* rejected the Commission's recommendation that a justice of the peace pay a civil penalty of $5,150.00 for failing to file his 2009 Personal Financial Disclosure Statement timely, but warned, "in the future, such leniency or benefit of the doubt will not be extended."[13] In *Hoffman* and its companion cases, *In re Thomas* and *In Re Flaherty*, this Court assessed a $200.00 civil penalty based upon the finding that those justices of the peace negligently failed to comply, as opposed to willfully and knowingly failing to file timely.[14] Then in October 2011, the Court found for the first time, in three

---

[9] No. 11-0715, p.5; (La. 10/25/11), 74 So. 3d at 670.

[10] *Id*. at 672.

[11] *Id*. at 670 .

[12] *Id.*

[13] 11-0417, p. 8 (La. 07/01/11), 66 So. 3d 455, 460.

[14] *In re Thomas*, 11-0572, p. 6 (La. 07/01/11), 66 So. 3d 466, 470; *In re Flaherty*, 11-0418, p. 8 (La. 07/01/11), 66 So. 3d 461, 464, 466.

6

separate cases, that the justices of the peace had willfully and knowingly failed to comply and assessed a $500.00 civil penalty against each of them.[15]

In 2012, this Court decided *In Re LuAnn Landry*, 12-1946 (La. 12/04/12), 105 So. 3d 707. In *Landry*, the justice of the peace argued she was prevented from filing her 2010 Statement because she was caring for her gravely-ill father.[16] The Court imposed a civil penalty of $500.00 plus costs citing the Commission's finding that JP LuAnn Landry continued to treat her obligations under Rule XXXIX as a matter of little or no importance even after her father's death."[17] Here, Respondent's mother-in-law passed away approximately two months before the hearing in May 2013, yet similar to JP LuAnn Landry, he continues to treat his obligations under Rule XXXIX as being of little or no importance. By his own admission, Respondent confessed that his mother's illness and his mother-in-law's illness were "no excuse," further stating, "I should have taken care of my job."

The Commission suggested that this Court impose a civil penalty of $500 plus costs. This amount is in accord with previous first offense Rule XXXIX cases, and as such, we agree with and adopt the Commission's suggestion.

**DECREE**

Upon review of the findings and recommendation of the Judiciary Commission, and considering the record filed herein, we find the record establishes by clear and convincing evidence that Justice of the Peace Landry has failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. We further find that his continuing failure to comply with the financial disclosure requirement has been willful and

---

[15] *In re LaGrange*, 11-0714, p. 9 (La. 10/25/11), 74 So. 3d 661, 667; *In re Myers*, 11-0874, p. 10 (La. 10/25/11), 74 So. 3d 672, 679; *Threet*, 11-0785, p.10, 74 So. 3d 679, 685.

[16] No. 12-1946, p. 4 (La. 12/04/12), 105 So. 3d at 709.

[17] *Id*.

knowing. Accordingly, it is ordered that Justice of the Peace Landry pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $500, plus costs in the amount of $301.50, no later than thirty days from the finality of this judgment. In addition, Justice of the Peace Landry is ordered to file his 2011 financial disclosure statement no later than fifteen days from the finality of this judgment. Failure to comply with the orders of this court may result in a finding of contempt.[18]

---

[18] *See Hoffman, supra*; *Cook, supra*; *Threet, supra.*