PER CURIAM.
11 This matter arises from a recommendation of the Judiciary Commission of Louisiana (“Commission”) regarding Justice of the Peace Kevin J. Hoffman’s failure to comply with the financial reporting requirements of Supreme Court Rule XXXIX. For the reasons set forth below, we find the record establishes by clear and convincing evidence that Justice of the Peace Hoffman failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. We further find that his failure to comply with the financial disclosure requirement was willful and knowing. After considering the facts, circumstances, and applicable law, Justice of the Peace Hoffman is ordered to pay a civil penalty in the amount of $2,000.00, plus costs of $276.00.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Supreme Court Rule XXXIX requires the filing of annual financial disclosure *912 statements by judges and justices of the peace.[1] Pursuant to § 3 of the rule, every elected justice of the peace must file his or her financial statement by May 15th of each year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, § 3(B) and (C).
| j>The first financial statements required of justices of the peace were due for calendar year 2009, to be filed no later than May 15, 2010. However, Justice of the Peace Hoffman did not file his 2009 financial statement until October 19, 2010, after the Commission filed a Formal Charge against him.[2] In In re: Hoffman, 11-0417 (La.7/1/11), 66 So.3d 455 (“Hoffman I”), this court found that Justice of the Peace Hoffman failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. Nevertheless, we found no evidence that Justice of the Peace Hoffman acted in bad faith or that he had purposely chosen not to file his financial disclosure statement to obtain some personal or professional gain. We also considered that the financial disclosure rule was newly adopted and that justices of the peace, who are not necessarily attorneys, may have confused the financial disclosure rule with other financial reporting requirements. Under these circumstances, we concluded that Justice of the Peace Hoffman’s conduct did not rise to the level of a willful and knowing violation. Accordingly, we imposed a civil penalty of only $200.00 for Justice of the Peace Hoffman’s violation of Rule XXXIX. We cautioned, however, that in the future justices of the peace would not be granted such leniency, as justices of the peace are held to a high standard and they are often called upon to enforce deadlines on litigants before their courts, and must likewise show respect for the deadlines this court has imposed on all judicial officers, without exception.[3]
Is Justice of the Peace Hoffman’s 2011 financial statement was due on May 15, 2012. However, it is undisputed that it was not received by that date. Accordingly, on June 11, 2012, the JAO sent Justice of the Peace Hoffman a notice of delinquency by certified mail advising him that the 2011 Statement “must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by July 3, 2012.” The notice of delinquency also stated that failure to file the 2011 Statement by the deadline “shall result in referral to the Judiciary Commission and the imposition of penalties as provided in Section 4 of Rule XXXIX.”
Because the delinquency notice went unclaimed at the Arabi Post Office, the JAO sent another letter dated July 6, 2012 to *913 Justice of the Peace Hoffman’s address listed with the Louisiana Secretary of State’s Office, extending the filing deadline to July 30, 2012. Justice of the Peace Hoffman did not file his 2011 Statement by either the July 3, 2012 or the July 30, 2012 deadlines. Instead, he filed it on August 24, 2012, more than three months (102 days) after the May 15th due date and almost a month after the extended due date of July 30th.
On April 2, 2013, the Commission filed a Formal Charge against Justice of the Peace Hoffman. Following the filing of an answer, the matter was set for a hearing before a hearing officer on June 17, 2013. During the hearing, Justice of the Peace Hoffman testified that he was aware of his obligation to file the financial disclosure statement, but the matter “slipped through the crack” due to the demands placed upon him by the illness and death of his father. He also explained that the delay was attributable to confusion between the current matter and the contempt matter stemming from his 2009 financial disclosure case. See note 3, supra.
Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission. In his report, the hearing officer found |4that Justice of the Peace Hoffman failed to timely file his 2011 Statement, and that his failure was willful and knowing, as that term is defined in Rule XXXIX, because he made a conscious and deliberate choice not to take the time, trouble, or effort to comply with the rule. The Commissioners then invited, but did not order or require, Justice of the Peace Hoffman to appear before them on August 23, 2013 to make a statement concerning the hearing officer’s report and the penalty issue. Justice of the Peace Hoffman did not attend the August meeting, nor did he file a brief.
On December 16, 2014, the Commission filed its recommendation in this court. In its report, the Commission generally adopted the hearing officer’s proposed conclusions of fact and law, and found the allegations of the Formal Charge were proven by clear and convincing evidence. The Commission observed that Justice of the Peace Hoffman was undoubtedly aware of the Reporting Rule and familiar with the financial disclosure form, especially given his involvement in prior proceedings before the Commission and the court regarding his failure to timely file his 2009 Statement. In addition, Justice of the Peace Hoffman attended several Justice of the Peace and Constable Conferences, which included sessions on the financial disclosure form and how to fill it out and where to send it. Under these circumstances, the Commission concluded that Justice of the Peace Hoffman made a deliberate choice not to file his 2011 Statement on time:
The Commission is especially troubled that this is JP Hoffman’s second time being charged with violating the Reporting Rule.... At the hearing in the prior case, JP Hoffman admitted that he had received notice of his need to file the 2009 disclosure statement and apologized for not doing so timely, ... Notwithstanding the prior proceedings before the Commission and the Court, and notwithstanding his apologies and assurances during those prior proceedings, less than two years later, JP Hoffman has again failed to abide by his duties pursuant to the Reporting Rule. Although the Commission is sympathetic to the demands placed upon JP Hoffman by | sthe illness and death of his father, such circumstances do not excuse failure to comply with judicial duties.
As further evidence of his disregard for judicial duties and the deadlines imposed upon him by this Court, the Commission notes that JP Hoffman failed to timely pay the $200 penalty imposed upon him *914 by this Court in July 2011 for the late filing of his 2009 Statement, resulting in a $250 contempt fine being assessed against him by this Court in June 2012.... In spite of this, he did not file his 2011 report until August 2012.
JP Hoffman has shown a lack of respect for the deadlines imposed on him by the Court, even in the face of past leniency by the Court. His actions show that he has learned nothing. Even if he does not consider the reporting requirements to be a matter of any importance, he should nonetheless understand that he is obligated to comply with the Court’s rules.
For his willful and knowing conduct, the Commission recommended that Justice of the Peace Hoffman be ordered to pay a civil penalty of $2,000.00. The Commission also recommended that he be cast with $276.00 in costs. See Supreme Court Rule XXXIX, § 4(F)(7).
After the Commission’s recommendation was filed in this court, the parties filed a motion waiving briefing and oral argument before this court and requesting that the court consider the matter based on the record developed before the Commission. They further stipulated that Justice of the Peace Hoffman has consented to pay the civil penalty and costs as recommended by the Commission. However, they recognize this court is not bound by this stipulation. We granted the motion.
DISCUSSION
After review of the facts and applicable law, we find the record establishes by clear and convincing evidence that Justice of the Peace Hoffman did not timely file his financial disclosure statement. The 2011 Statement was due on May 15, 2012 and was not filed until August 24, 2012. We also find clear and convincing 1 ^evidence that Justice of the Peace Hoffman acted willfully and knowingly in violating the reporting rule, as both the hearing officer and the Commission concluded. There can be no doubt that Justice of the Peace Hoffman knew or should have known of the need to file his 2011 Statement in a timely manner given his involvement in prior proceedings before this court concerning his failure to file his 2009 Statement timely. Justice of the Peace Hoffman’s failure to comply with the reporting rule on a second occasion certainly demonstrates bad faith; therefore, we conclude his conduct constitutes a willful and knowing violation of Rule XXXIX.
We next decide the appropriate penalty to be imposed. In Hoffman I, we imposed a civil penalty of $200.00 for Justice of the Peace Hoffman’s failure to timely file his 2009 Statement. At that time, we warned justices of the peace that future violations of Rule XXXIX would not be treated in such a lenient fashion. Because this is the second violation of the financial disclosure rule by Justice of the Peace Hoffman, we find that a civil penalty of $2,000.00 is appropriate. See In re: Threet, 12-1501 (La.12/4/12), 105 So.3d 676 ($2,500.00 penalty for second violation of the financial disclosure rule); In re: Myers, 12-1500 (La.12/4/12), 105 So.3d 679 ($1,500.00 penalty for second violation of the financial disclosure rule). We further find Justice of the Peace Hoffman should be cast with costs in the amount of $276.00.
CONCLUSION
We find the record establishes by clear and convincing evidence that Justice of the Peace Hoffman has failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. We further find that his failure to comply with the financial disclosure requirement was willful and knowing. Accordingly, it is ordered that *915 Justice of the Peace ] 7Hoffman pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $2,000.00, plus costs in the amount of $276.00, no later than thirty days from the finality of this judgment.

. Effective February 27, 2014, Supreme Court Rule XXXIX was amended to prospectively eliminate the reporting requirement for justices of the peace. The instant case arose prior to the amendment. All references to Rule XXXIX herein will be to the rule as it read prior to the 2014 amendment and will be stated in the present tense.

. At the hearing before the hearing officer in that matter, Justice of the Peace Hoffman admitted he had received notice of his need to file the disclosure statement and apologized for not doing so timely, stating, "There is no excuse. I'm not going to waste anybody’s time with stories and shenanigans and this other stuff.... I will be first in line next year to get it done.” Respondent explained, however, that he had thought the financial disclosure form was "tax related,” and therefore he assumed the extension he had obtained to file his federal tax return applied to the filing of the personal financial disclosure statement.

.In June 2012, Justice of the Peace Hoffman was held in contempt by this court for failing to timely pay the civil penalty and was fined $250.00 for contempt. In re: Hoffman, 11-0417 (La.6/22/12), 92 So.3d 334. He subsequently paid the civil penalty and the contempt fine.